(No. 13083.—Reversed and remanded.)

THE INTERNATIONAL COAL AND MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES NICHOLAS, Defendant in Error.)

*Opinion filed June 16, 1920.*

1. WORKMEN'S COMPENSATION—*what agreement is a waiver of provisions of Compensation act.* An agreement by an injured employee to accept a lump sum which is less than the award of the arbitrator and to sign a release for any and all claims, damages, causes of action in law or equity or arising under the Compensation act, is a waiver of the provisions of the act and is precluded by section 23 unless approved by the Industrial Commission.

2. SAME—*settlement of a claim must be in accordance with the provisions of the Compensation act.* One of the purposes of the Compensation act is to encourage settlements of claims arising from injuries from employment, but such settlements, to be within the contemplation of the act, must be made in accordance with the provisions of the act, and jurisdiction cannot be taken from the Industrial Commission by act of the parties unless such action is in conformity with the statute.

3. SAME—*lump sum settlement must be approved by the Industrial Commission.* A lump sum settlement between the employer and the employee must be petitioned for as provided in section 9 of the Compensation act and must be approved by the Industrial Commission.

4. SAME—*employer cannot relieve himself of liability by contract with employee.* An employer cannot relieve himself of liability under the Compensation act by a contract with his employee.

5. SAME—*what is not an award for disfigurement and for loss of use of the same member.* The Industrial Commission cannot award compensation for disfigurement of and for the loss of use of the same member, but an award for disfigurement of the face and for loss of use of eyes and arms does not contravene the rule.

6. SAME—*applicant cannot give his opinion as to per cent of loss of use of member.* The determination of the per cent of loss of use of an injured member is an issue of an ultimate fact before the arbitrator and the Industrial Commission, and on this question the applicant may testify as to his ability to do certain things in the use of the injured member before and after the accident or as to any other fact which may enable the commission to reach a conclusion, but neither the applicant nor an expert witness may

take the place of the commission and declare his belief as to such ultimate fact.

7. SAME—*to what credit employer is entitled after making invalid settlement by payment of lump sum.* An employer who has made an invalid settlement of a claim by paying the injured employee a lump sum without the approval of the Industrial Commission is entitled to credit only to the extent of satisfying installments of the award as fixed by the commission up to the time of the final determination of the award.

8. EVIDENCE—*witness cannot testify that his injury will be permanent.* A witness, although he is not qualified as an expert, may testify as to his state of health or general physical condition or as to whether he is suffering pain, but he is not allowed to give his opinion that his injury will be permanent.

9. CONTRACTS—*court will not assist either party to illegal transaction.* The court will not assist either party to an illegal transaction but will leave the parties where they have chosen to place themselves.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. J. F. GILLHAM, Judge, presiding.

R. W. ROPIEQUET, for plaintiff in error.

A. W. KERR, and FRED H. KRUGER, for defendant in error.

EDWARD J. BRUNDAGE, Attorney General, (GEORGE A. SCHNEIDER, of counsel,) for the Industrial Commission.

Mr. JUSTICE STONE delivered the opinion of the court:

The plaintiff in error filed its bill in equity in the circuit court of St. Clair county to review the proceedings had before the Industrial Commission in the above entitled cause. The circuit court, after hearing, dismissed the complainant's bill for want of equity and confirmed the findings of the Industrial Commission.

Defendant in error, James Nicholas, was injured on February 12, 1918, in the course of his employment as a coal

miner in the mine of plaintiff in error, by the premature explosion of powder which he was using in connection with his work. Plaintiff in error and Nicholas were working under the provisions of the Workmen's Compensation act, and it is admitted that the injury arose out of and in the course of the employment of Nicholas and that notice was given and claim made within the periods required by that act. Medical aid was furnished by plaintiff in error. It is admitted that the wages of Nicholas were $24 per week. He had no children under sixteen years of age. The sum of $115.14 was paid subsequent to the injury and prior to the hearing before the arbitrator on the petition for. compensation on the 29th day of August, 1918. On hearing before the arbitrator an award was made as follows:

| | |
|---|---:|
| 18 3/7 weeks temporary total incapacity, at $12 | $221.14 |
| 100 weeks loss of use of left eye, at $12 | 1200.00 |
| 50 weeks 25% loss of use of left arm, at $12 | 600.00 |
| 30 weeks 15% loss of use of right arm, at $12 | 360.00 |
| 35 weeks disfigurement, at $12 | 420.00 |
| | $2801.14 |

On October 5, 1918, the plaintiff in error petitioned the Industrial Commission for a review of the award so made by the arbitrator, and on the same day secured from Nicholas, in consideration of the payment to him of $1615.14 and the further payment of $204.20 for hospital, medical and surgical expenses, a release from any and all claims and demands, damages, actions or causes in action in law or in equity, or any and all claims arising under the Workmen's Compensation act on account of personal injuries resulting or to result from the accident in question. This release was acknowledged before a notary public after having been interpreted to Nicholas by Michael Kakazis. Upon the payment by the plaintiff in error to Nicholas of the consideration mentioned in the release, they agreed that the matters then pending before the Industrial Commission of the State of Illinois should be dismissed. They also stipu-

lated the items that should constitute the basis of such settlement, as follows:

| | |
|---|---|
| 9 5/7 weeks temporary total disability | $115.14 |
| Loss of eye and both arms partially | 1300.00 |
| Disfigurement and medical services | 404.20 |
| Total | $1819.34 |

Attached to this basis of settlement is the usual final receipt provided for, on a form of the Industrial Commission, for said sum of money, subject to review by the Industrial Commission and signed by Nicholas.

The cause came on for a hearing before James A. Culp, one of the members of the Industrial Commission, on the above petition for review, on the 12th day of December, 1918. At this hearing for review the plaintiff in error offered in evidence the release, signed by Nicholas on the 5th day of October, 1918, the stipulation to dismiss and the receipt for final settlement, to which Nicholas by his attorney objected, on the ground that the final receipt amounts to a lump sum settlement, which had not as yet been presented to the Industrial Commission, and that the release and stipulation to dismiss, under the circumstances, were matters that could not be agreed upon without the consent of the Industrial Commission.

Some evidence was taken on review touching the facts and circumstances surrounding the execution of the above release and stipulation to dismiss, and the Industrial Commission made its finding and award as follows:

| | |
|---|---|
| Disfigurement | $420.00 |
| Temporary total disability, 9 4/7 weeks, at $12 | 116.00 |
| Total loss of use of left eye, 100 weeks, at $12 | 1200.00 |
| 50% loss of use of right eye, 50 weeks, at $12 | 600.00 |
| 25% loss of use of left arm, 50 weeks, at $12 | 600.00 |
| 15% loss of use of right arm, 30 weeks, at $12 | 360.00 |
| Total award | $3296.00 |

The commission further found that plaintiff in error had paid to Nicholas the sum of $115.14, which should be credited as a payment upon the foregoing installments, and re-

versed and set aside anything in the findings and award of the arbitrator inconsistent with the findings of the commission on review.

It is contended that the Industrial Commission was without jurisdiction, after the filing of the stipulation of plaintiff in error and defendant in error, to dismiss the proceeding; that the effect of such agreement was to deprive the commission of any further jurisdiction.

Section 23 of the Workmen's Compensation act is as follows: "No employee, personal representative, or beneficiary, shall have power to waive any of the provisions of this act in regard to the amount of compensation which may be payable to such employee, personal representative or beneficiary hereunder except after approval by the Industrial Board."

Plaintiff in error contends that by making the agreement in question here Nicholas waived no legal rights. As we have seen, the award of the arbitrator totaled $2801.14 while the amount paid on the agreement totaled $1819.34, so that it cannot be said, as a matter of law or fact, that in this settlement Nicholas did not waive any of his rights under the Compensation act. Furthermore, plaintiff in error required that Nicholas sign a release for any and all claims, demands, damages, causes of action in law or equity, and all claims arising under the Compensation act on account of his injuries. This release, if valid, includes a release of any right which the claimant had under the Compensation act for a review within eighteen months in case of recurrence of injuries. We are of the opinion that by the agreement, if valid, Nicholas would waive substantial rights accruing to him under the act, amounting to a waiver of provisions of the act in regard to amount of compensation, which such employee has no power to do.

It is urged, however, that one of the purposes of the act is to encourage settlements, and that the Industrial Commission has jurisdiction only where such settlements have

not been made. While it is true that one of the purposes of the act is to encourage settlements of claims arising under it, yet such a settlement, in order to be within the contemplation of the act, must be made in accordance with the terms and provisions of the act; and while it is likewise true that the Industrial Commission will not interfere with such a settlement when made, yet it does not follow that where the Industrial Commission has taken jurisdiction such jurisdiction can be taken from it by the action of the parties unless such action be in conformity with the act. This, as we view it, was an attempted lump sum settlement on the part of the employer and the employee. Such a settlement must be petitioned for as provided in section 9 of the act and must be approved by the Industrial Commission. (*Schwarm* v. *Thomson & Sons Co.* 281 Ill. 486; *Goelitz Co.* v. *Industrial Board,* 278 id. 164; *Forschner & Co.* v. *Industrial Board,* 278 id. 99.) As was said by this court in the *Goelitz Co. case*: "The fundamental basis of workmen's compensation laws is that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents should not necessarily rest upon the public but that the industry in which an accident occurred shall pay, in the first instance, for the accident. (Harper on Workmen's Compensation, sec. 5.) That lump sum payments, with proper safeguards, should be permitted is obvious, because on the part of the employer it may become necessary for him to terminate all his obligations to his injured workmen and others, and on the part of the employee and his dependents circumstances may arise when to deny such a lump sum settlement would result in great hardship and distress or entire loss of the compensation. On the other hand, the State is concerned in preventing dissipation of the money paid and an early recourse to that charitable aid which systematic compensation aims to avoid."

293 – 34

It is well settled in this State that an employer cannot relieve himself of liability under the Workmen's Compensation act by a contract with his employee. (*Tribune Co.* v. *Industrial Com.* 290 Ill. 402; *Chicago Railways Co.* v. *Industrial Board,* 276 id. 112; *Wabash Railway Co.* v. *Industrial Com.* 286 id. 194.). What was said in these cases with reference to an employer relieving himself *in toto* from liability under the Workmen's Compensation act applies with equal force here, where it is sought by the employer to relieve himself partially from said liability. It was said by this court in the *Wabash Railway Co. case, supra:* "Plaintiff in error was operating under the act, and any settlement or agreement made with an injured employee must be considered as having been made under the act, whether so expressly stated or not. It is contrary to the policy of the act to allow an employer, while choosing to come under its provisions by not filing an election in writing to the contrary, to relieve himself from liability under the act by private agreement or contract with the employee." This language applies with equal force here, where the employer is seeking to limit its liability by settlement in the nature of the lump sum payment. This cannot be done without the approval of the Industrial Commission. Here there was no attempt to secure the approval of the commission, and such agreement could not deprive the commission of jurisdiction. Furthermore, the agreement was disaffirmed by Nicholas when the award made by the arbitrator came up before the commission. The act by section 9 provides the method by which lump sum settlements may be presented to the commission. There was no petition here to have a lump sum settlement made. No evidence was taken as to whether or not it was for the best interest of the applicant that such a settlement should be made. The commission therefore did not err in declining to recognize this settlement and in proceeding to a hearing of the application on review of the award from the arbitrator.

It is also objected that there is no competent evidence to sustain an award for disfigurement; that the scars caused by the powder burns on the neck of defendant in error were not discernible, as they are below the line of his collar; also that there is no competent evidence to sustain disfigurement of the hands. Examination of the record shows that one side of the face of the defendant in error is discolored by many dark-blue or black powder marks and that a noticeable scar was caused by powder burns under the left jaw. Applicant's hands were likewise scarred by powder burns. We are of the opinion that there is evidence in the record upon which to base the award made by the commission for disfigurement. Paragraph (c) of section ·8 of the Workmen's Compensation act provides for compensation for serious and permanent disfigurement of the hand, head or face.

It is urged that the Industrial Commission has awarded compensation for disfigurement and for the loss of use of the same member. The commission has no power to award compensation for disfigurement of a member and also for the loss of use of such member. (*Wells Bros. Co.* v. *Industrial Com.* 285 Ill. 647.) The record in this case, however, shows that an award was made for disfigurement of the face, while the award for a loss of use applies only to the eyes and arms. This award does not, therefore, contravene the rule.

It is also contended that there is no competent evidence in the record to sustain the award for fifty per cent loss of the use of the right eye, twenty-five per cent loss of the use of the left arm and fifteen per cent loss of the use of the right arm. An examination of the record discloses that while the evidence shows injuries to both arms and powder burns around the right eye, yet the evidence in the record upon which the commission apparently based its finding of the percentage of loss was the opinion of the applicant. It is the rule that a witness, though he be not qualified as an expert, may testify as to his state of health. He may tes-

tify that he is suffering pain or as to his physical condition generally, but he is not allowed to give his opinion that an injury will be permanent. (1 Elliott on Evidence, sec. 679.) As is said in McKelvey on Evidence, page 218, note 3: "As a rule, witnesses must state facts and not draw conclusions or give opinions. It is the duty of the jury or court to draw conclusions from the evidence and form opinions upon the facts proved." The determination of the per cent of loss of use of the right eye and of the arms of applicant was an issue of the ultimate facts before the arbitrator and commission. (*Peabody Coal Co.* v. *Industrial Com.* 289 Ill. 449.) It is competent to prove conditions, such as the comparative ability of the applicant to do certain things in the use of the injured member before and after the accident, as well as any other fact which would enable the commission to draw an inference as to the ultimate fact to be determined, but under the rule in this State neither an expert witness nor a lay witness may take the place of the commission and declare his belief as to the ultimate fact. (*Peabody Coal Co.* v. *Industrial Com. supra; Keefe* v. *Armour & Co.* 258 Ill. 28; *Yarber* v. *Chicago and Alton Railway Co.* 235 id. 589; *Illinois Central Railroad Co.* v. *Smith,* 208 id. 608.) The opinion evidence of the applicant was not competent, and there being no other evidence in the record from which the commission could determine the per cent of loss of the arms and right eye such finding was error, and the circuit court should have remanded the cause to the commission for a further hearing on that subject.

It is objected by the plaintiff in error that the Industrial Commission erred in not giving it credit for more than $115.14 payments made. While plaintiff in error had no right to make a lump sum settlement such as was attempted, it did have a right, under the law, to make payment of installments under the act as they accrued, and it is entitled to credit for such payments up to the time of the final determination of the award by the commission. Payments,

however, which go beyond this by means of an attempted lump sum settlement are, as we have seen, illegal and unauthorized, and while it might seem harsh to say that the defendant in error here should receive the benefit of such lump sum and yet not be bound thereby, yet it is a settled rule in this State that the court will not assist either party to an illegal transaction but will leave them where they have chosen to place themselves. · (*Arter* v. *Byington,* 44 Ill. 468; *Neustadt* v. *Hall,* 58 id. 172; *Harris* v. *Hatfield,* 71 id. 298; *Workingmen's Banking Co.* v. *Rautenberg,* 103 id. 460.) As was said by this court in *Goodrich* v. *Tenney,* 144 Ill. 422: "It is not enough that the parties may have intended no wrong or that the testimony produced in the case may have been true. It is the tendency of such contracts to the perversion of justice that renders them illegal." So it may be said here. While this contract may have been entered into in perfect good faith, yet the purpose of the Compensation act is, as we have said, that the economic loss caused by accidents should not be permitted to rest in any way upon the public but that it should be absorbed by the industry in which the accident occurs, and, carrying out that purpose, all settlements of this character were by the law placed under the jurisdiction of the Industrial Commission. No lump sum settlement is authorized to be made in any other way except under the jurisdiction of the commission, and any contract that makes such a settlement otherwise is an illegal contract, and this court will not aid in the enforcement thereof but will leave the parties as it finds them. We do not here pass upon what should be done in case of a petition for a lump sum settlement, as no such petition is before us. If this settlement was made in good faith and under circumstances showing it to have been for the best interests of both parties, such facts may be shown before the Industrial Commission upon a petition for a lump sum settlement, should such be presented to that body, and would, of course, be matters proper to be considered by the com-

mission in determining whether or not a lump sum settlement should be authorized and what the amount of the same should be.

For the reasons herein expressed the decree of the circuit court will be reversed and the cause remanded to that court, with directions to remand the case to the Industrial Commission for a correction of the award in harmony with the views herein expressed and for a further hearing as to the question of loss of use of the eye and arms, if such is desired.    *Reversed and remanded, with directions.*

---

(No. 13277.—Reversed and remanded.)
EMILY JONES *et al.* Defendants in Error, *vs.* MARY E. MAKEMSON, Plaintiff in Error.

*Opinion filed June 16, 1920.*