(No. 15060.—Rule discharged.)

THE PEOPLE ex rel. The Chicago Bar Association, Relator, vs. JOHN HUGH LALLY, Respondent.

*Opinion filed June 17, 1924.*

1. DISBARMENT—*when evidence is not sufficient to warrant disbarment.* An information to disbar, charging that the respondent filed a false statement for procuring a lump sum award in a workmen's compensation case and that he retained as attorney's fee a sum in excess of the fee allowed by the Industrial Commission, is not sustained where the evidence shows that the statements in the petition for the lump sum were made under the advice of a properly constituted official of the Industrial Commission, and that the net sum received by the attorney, after deducting his own expenditures in behalf of his client, was within the amount allowed by the commission.

2. WORKMEN'S COMPENSATION—*when agreement for lump sum is not in compliance with statute—waiver.* Where the Industrial Commission has made an award which, when computed as a lump sum settlement under the statute, amounts to more than the lump sum agreed upon by the parties, the filing of a petition containing a false statement that the claimant has already been paid the difference between said amounts does not constitute a waiver with the approval of the Industrial Commission, as provided in section 23 of the Compensation act, even though the statement is made in the petition upon the advice of a properly constituted official of the commission.

3. SAME—*when claimant's attorney's fee should be determined by Industrial Commission.* It is the purpose of section 16 of the Compensation act, regarding the fixing of the claimant's attorney's fee, to protect the injured employee or claimant in such matter; and where the claimant is unable to speak the English language, the proper method in compliance with the letter and spirit of the act is to present all the facts to the Industrial Commission for determination of the fee, even though the services are worth as much as or more than is charged by the attorney after deducting his expenditures in behalf of his client.

DUNN, J., dissenting.

INFORMATION to disbar.

JOHN L. FOGLE, for relator.

THOMAS J. SYMMES, for respondent.

Per CURIAM: This is an information on relation of the Chicago Bar Association against John Hugh Lally, asking that he be disbarred from the practice of the law. The matter was referred to a commissioner, who heard the testimony and reported the same without making any specific recommendation. No objections were filed to the commissioner's original report. A supplemental report was filed by the commissioner, and the relator, the Chicago Bar Association, moves that this supplemental report be disregarded and stricken from the files. A separate statement submitted by the commissioner recommends that the motion of the relator for disbarment be not allowed.

The information to disbar is based upon charges arising out of the application of Rosie Jendrusek for compensation under the Workmen's Compensation act for an injury sustained while in the employ of the Francis Hughes Company, a corporation doing business in the city of Chicago. The facts found by the commissioner may be briefly stated as follows:

Both the employer and the employee were subject to the provisions of the Workmen's Compensation act. Following an injury to Rosie Jendrusek, about October 16, 1919, the Francis Hughes Company paid her $13 per week for three weeks. The company subsequently paid her the sum of $8 per week for about twenty weeks but refused to pay any further or other compensation. John Wieszchowski, who had for many years acted as an interpreter for foreign litigants in the Cook county courts, called upon Mrs. Jendrusek, learned of her accident, and advised her to employ respondent, Lally, to make claim before the Industrial Commission. She did not understand the English language, and upon an interview with Lally, Wieszchowski acted as interpreter. Mrs. Jendrusek appears by the evidence in the record to have entered into a written contract whereby Lally

was to take the case and was to receive one-third of whatever amount was recovered. He thereupon employed physicians to examine her and filed her claim against the Hughes Company. Upon a hearing before one of the members of the Industrial Commission there was a finding of total disability and an allowance of temporary compensation and of a pension for life. The hearing was hotly contested and an appeal taken to the full commission. Upon a subsequent hearing of several days before the full commission the finding of total disability was affirmed and compensation allowed in the sum of $3500, payable in equal weekly installments of $8 per week. Lally advanced the fees for medical witnesses and for other witnesses on behalf of the claimant. He also had the record written up at his own expense. The Hughes Company filed an appeal to the circuit court of Cook county, and the record for such appeal was written up, as we understand the record, at Lally's expense. During the pendency of the proceedings, according to the finding of the commissioner, Lally advanced from his own funds sums amounting in the total to $115 in relief of Mrs. Jendrusek. In connection with the appeal from the award of the Industrial Commission Lally testified that he appeared in the circuit court on from fifteen to twenty-five different occasions, and that on most such occasions he was accompanied, as he deemed it necessary in order to understand his client, by Wieszchowski, who was to act as interpreter upon the trial. Wieszchowski so acted in the proceedings before the commission. On or about July 14, 1921, the attorney for the Hughes Company offered to pay the sum of $2000 as a lump sum settlement of the entire claim. Lally then had the interpreter bring Mrs. Jendrusek to the office of the Industrial Commission, where he met and explained the entire situation to M. J. Donohue, who was then acting as an information arbitrator in the employ of the Industrial Commission, with the duty of advising claimants as to the proper action to be taken either by

themselves or by their attorneys. After consulting with Donohue, Lally returned to his office and prepared a petition addressed to the Industrial Commission, in which he set out that the petitioner had received from the employer the sums of $180 and $822, and that she was desirous of making a lump sum settlement in order to purchase a small home for herself and children at Pittsburgh, Pennsylvania, where she had relatives. Lally then returned to the office of the Industrial Commission and fully explained to Mrs. Jendrusek, through the interpreter, that she would receive $2000, and no more, if a lump sum settlement were authorized by the Industrial Commission. The commissioner finds that she was "without doubt" fully advised that in order to bring about the settlement it would be necessary for her to sign the petition stating that she had received the sum of $822, which she had not received and which she would not receive. Donohue, to whom the petition was presented, is found by the commissioner to have explained fully to Mrs. Jendrusek that she would receive only $2000 in full settlement of her claim. The papers having been signed after these explanations, were then taken to one of the industrial commissioners by the interpreter, and such commissioner approved the settlement upon receiving from the claimant a statement that she understood she was to receive only $2000 in lump sum settlement, in accordance with the petition. The industrial commissioner fixed the attorney's fees at the sum of $400. Payment of the $2000 was thereupon made by the Hughes Company in two checks,—one in the sum of $822 and one in the sum of $1178. Lally thereupon, through the interpreter, told Mrs. Jendrusek that although she had made a contract to give him as attorney's fees one-third of the amount received, the Industrial Commission had fixed the sum at $400, and asked whether she desired to have his fee limited to $400. The commissioner found that she replied she was ready to carry out her contract to give one-third of

the amount received, and that she so testified in the proceedings before him. Thereupon Mrs. Jendrusek, accompanied by Lally and the interpreter, went to the First National Bank, where the checks were indorsed. An accounting was thereupon had. Lally showed that he had advanced to her the sum of $115, paid taxicab bills to the amount of $10, and the further sum of $145 for X-ray and medical services, making a total of $270. This amount, together with one-third of the lump sum settlement fixed by him at $666, left a total of $1064. Mrs. Jendrusek received $1054 in cash, which she took away with her. The discrepancy of $10 is not explained in the findings of the commissioner. She admits receiving the $1054. Lally testified that from the $666 received by him as attorney's fees, he paid for the interpreter, attendance upon Mrs. Jendrusek, records and appearance fees, the sum of $298, leaving him a net fee of $368 after deducting the specific items of cost. The detailed items making up the $298 appear in the commissioner's report.

The charges upon which this information is based are three: (1) That Lally prepared and filed a petition stating that the employer had paid $822 compensation on account of the injury, knowing that this statement was untrue; (2) that Lally falsely stated in the petition that the petitioner was desirous of purchasing a home for herself at Pittsburgh, Pennsylvania, knowing such statement to be untrue; (3) that after obtaining possession of the lump sum allotment of $2000, Lally disregarded the order of the Industrial Commission allowing him the sum of $400 as attorney's fees and retained approximately $1100 out of the total lump sum allotment of $2000.

The brief on behalf of the relator concedes that Mrs. Jendrusek received $1054 in cash at the time of the settlement and $115 in advances by Lally, so that the allegation of the information that Lally received approximately $1100 out of the $2000 lump sum settlement is to this extent ad-

mittedly erroneous. It may be wise to discuss each of the charges briefly.

There is no denial that the petition prepared by Lally contained a false statement to the effect that the petitioner, Mrs. Jendrusek, had received $822 which had never been paid to her and was never to be paid. The commissioner's original report makes no other finding than that of fact, and in his finding of fact he says that without doubt the claimant was informed that she had not received and would not receive the sum of $822 specified in the petition. The commissioner's supplemental report contains a statement as follows: "I further report that after reviewing the entire record before me in said cause I am convinced that the action of said respondent before the Industrial Commission was taken by him upon the advice and under the direction of said Michael J. Donohue, who at the time occupied the position of general adviser to litigants who appeared before said Industrial Board." At the October term, 1923, the commissioner was directed to take the testimony of Donohue and report such testimony to this court. Donohue's testimony was not taken, but a letter from him was received by the commissioner in lieu of testimony, included in the supplemental report, and upon the basis of this letter the supplemental findings were reported as quoted above. While the form of the supplemental report is not technically proper and not in compliance with the order of this court, we are unwilling, in a proceeding of this character, to disregard the report and strike it from the files and require that the commissioner again report directly on the evidence of Donohue. We will therefore in this proceeding give such weight to the supplemental report and to the finding of the commissioner therein as the report in its present form may be entitled to receive. Upon the basis of both the original and supplemental reports of the commissioner we are of the opinion that Lally acted under the advice of a properly constituted official of the Industrial Commission in preparing

a petition stating that Mrs. Jendrusek had received $822 knowing that this statement was untrue, and that Mrs. Jendrusek was informed that she had not received and would not receive such sum of $822.

Apparently the present value of the $3500 allowed to Mrs. Jendrusek in weekly payments of $8 would have approximated $3200. Deducting payments she had already received she would have been entitled, under the law, to a lump sum settlement of $2822. The petition was so drawn as to indicate to the Industrial Commission that she was receiving a commuted lump sum settlement in full, whereas she was, in fact, waiving her rights under the act to the amount of $822. The advice given by Donohue as an employee of the Industrial Commission, and the action of Lally thereunder, were illegal and improper and should not have been sanctioned or approved by the Industrial Commission. Section 23 of the Workmen's Compensation act (Smith's Stat. 1923, p. 990,) provides: "No employee, personal representative, or beneficiary shall have power to waive any of the provisions of this act in regard to the amount of compensation which may be payable to such employee, personal representative or beneficiary hereunder except after approval by the Industrial Board." There was in this case approval by the Industrial Commission, but this approval was upon the basis of a false petition, and the falsity as to the $822 does not appear by the record to have been explained to the commissioner who approved the petition. A waiver as to amount of compensation was not approved and there was no real effort to comply with the statute.

In *International Coal Co. v. Industrial Com.* 293 Ill. 524, this court said (p. 533): "While this contract may have been entered into in perfect good faith, yet the purpose of the Compensation act is, as we have said, that the economic loss caused by accidents should not be permitted to rest in any way upon the public but that it should be absorbed by the industry in which the accident occurs, and, carrying out

that purpose, all settlements of this character were by the law placed under the jurisdiction of the Industrial Commission. No lump sum settlement is authorized to be made in any other way except under the jurisdiction of the commission, and any contract that makes such a settlement otherwise is an illegal contract, and this court will not aid in the enforcement thereof but will leave the parties as it finds them. We do not here pass upon what should be done in case of a petition for a lump sum settlement, as no such petition is before us. If this settlement was made in good faith and under circumstances showing it to have been for the best interests of both parties, such facts may be shown before the Industrial Commission upon a petition for a lump sum settlement, should such be presented to that body, and would, of course, be matters proper to be considered by the commission in determining whether or not a lump sum settlement should be authorized and what the amount of the same should be."

Clearly the purpose of the law was that the petition for a lump sum settlement should present to the Industrial Commission all of the facts necessary for action in good faith by that commission upon the petition. This was not done here. Apparently the failure to do it was in part based upon the advice of a responsible official of the Industrial Commission. Under the circumstances we do not regard the facts here shown as sufficient to justify the disbarment of Lally, but we do regard them as showing a lack of proper competency in handling the case under his control. The petition should have been prepared in an honest and fair manner and all of the facts presented for the approval of the Industrial Commission in compliance with section 23 of the Workmen's Compensation act.

The second charge is that Lally falsely prepared and filed a petition containing the statement that a lump sum settlement was desired so that the petitioner might purchase a small home for herself and children in Pittsburgh, Pennsyl-

vania, where she had relatives. We regard this charge as sufficiently met by the finding of the commissioner as follows: "The claimant, Rosie Jendrusek, testifies that she had no relatives in Pittsburgh but that she was told by said interpreter that she should go to Pittsburgh to live. Under the circumstances, the entire negotiations between the respondent and said complainant having been carried on through an interpreter, we do not feel justified in finding that the statement last made was known by said respondent to be untrue at the time of the preparation of the petition."

The third charge is that Lally disregarded the order of the Industrial Commission allowing him $400 as attorney's fees and received the sum of $666 gross attorney's fees from the claimant. The commissioner finds that out of this gross sum of $666 Lally received only a net sum of $368, and adds: "I further find that the services rendered by the said respondent in said proceeding were reasonably worth at least one-third of the said amount of $2000, and that said amount is not in excess of the customary and usual fee received by attorneys in such cases." The reasonableness of the fee, however, is not the question in issue here. The third paragraph of section 16 of the Workmen's Compensation act (Smith's Stat. 1923, p. 986,) provides: "The board shall have the power to determine the reasonableness and fix the amount of any fee or compensation charged by any person for any service performed in connection with this act, or for which payment is to be made under this act or rendered in securing any right under this act." It is clearly the purpose of the Workmen's Compensation act to protect employees in case of injury, and the language of section 16 regarding the fixing of fees is intended for the protection of such an employee as is involved in this case. It may be that the services were worth as much, or more, than was charged, and it may be that the actual net fee was materially less than that involved in the total payment of $666 in this case. However this may

be, the fair and legal method of procedure in compliance with both the letter and spirit of the Workmen's Compensation act would have been to have presented all of the facts to the Industrial Commission for consideration and for the determination of fees, rather·than to attempt to make such an adjustment by virtue of an arrangement with the claimant after a smaller fee had been fixed in compliance with the law.

In view of all of the facts in this case and of the costs found by the commissioner to be properly deductible from the $666 collected as attorney's fees in this case, we do not consider that this and the other two charges constitute a sufficient basis for disbarring the respondent here. However, we do take this occasion to express our strong disapproval of the practice,—advised, as we understand, by a responsible employee of the Industrial Commission,—with respect to the $822, and also of the method employed by Lally of settling attorney's fees without compliance with the order of the Industrial Commission. Should either or both of these matters be presented in charges hereafter instituted for the disbarment of attorneys we might make a different finding. We reach another conclusion here because of the mitigating circumstances connected with both of these matters. We might reach a different conclusion in this case if we thought there was sufficient evidence to support a view that a lump sum settlement was advised by Lally for the purpose of enabling him to promptly collect his fee, and a larger fee than that authorized by the commission. We do not think that the proof in the record justifies the disbarment of the respondent for the charges made.

The rule is discharged.                    *Rule discharged.*

Mr. JUSTICE DUNN, dissenting:

I agree with the strong disapproval expressed in the opinion of the court of the practice of the respondent in the case which is the subject of this proceeding but not with

the judgment reached. In my opinion there should be a different conclusion of this case in order that such practices may not occur in the future, to be made the basis of informations to disbar to be hereafter presented. The value of the respondent's services to his client or the propriety of the lump sum settlement or its amount is not the question of importance in the case. The deception practiced on the commission by the presentation of a false petition as a basis for its action was a betrayal by the respondent of the attorney's obligation of truth and fidelity, not only to his client but to the court or other authority before which he appears for his client, and is inconsistent with the standard of truth and open and fair dealing with the courts and tribunals before which they appear, required of those who have received licenses as attorneys at law. In a case in which the court refused to enforce a contract illegal because contrary to public policy it was said: "It is not enough that the parties may have intended no wrong or that the testimony produced in the case may have been true. It is the tendency of such contracts to the perversion of justice that renders them illegal." (*Goodrich* v. *Tenney*, 144 Ill. 422.) The same rule applies here. It is not enough that the respondent intended no wrong. The inevitable tendency of his conduct was to the perversion of justice, to the destruction of all confidence which courts have a right to place in attorneys.

Under section 9 of the Workmen's Compensation act the compensation awarded, or any unpaid part thereof, may be commuted, upon the order of the Industrial Commission, to an equivalent lump sum, which shall be an amount equal to the total sum of the probable future payments capitalized at their present value at three per cent, with annual rests. Section 23 provides that "no employee, personal representative, or beneficiary shall have power to waive any of the provisions of this act in regard to the amount of compensation which may be payable to such employee, personal representative or beneficiary hereunder except after approval

by the Industrial Board." Section 16 provides that "the board shall have the power to determine the reasonableness and fix the amount of any fee or compensation charged by any person for any service performed in connection with this act, or for which payment is to be made under this act."

The commuted value of the compensation awarded Mrs. Jendrusek, less the payments she had received, was $2822, and this was the amount for which the commission was authorized to order a lump sum settlement. To induce the making of such an order the respondent willfully presented a petition stating that Mrs. Jendrusek had received $822, · knowing the statement to be false. It is not a mitigating circumstance that the respondent was advised to make this false statement by a trusted official of the Industrial Commission. If he had not the intelligence and the moral stamina to refrain from presenting a false claim to the commission to obtain an order which he knew he could not obtain under the law and the facts he has not the character which every attorney at law is required to have. Not only was the statement of the amount paid false, but so was the statement of the reason a lump sum settlement was desired,—that Mrs. Jendrusek might purchase a small home for herself and children in Pittsburgh, Pennsylvania, where she had relatives. She had no relatives there, no intention of going there and no reason to do so, and there is no reason for supposing that the respondent did not know this statement also to be false.

In utter contempt of the law and the order of the court the respondent disregarded the order fixing his fees at $400 and kept $666. The administration of the Workmen's Compensation act is put in the hands of the Industrial Commission. It fixes the amount of compensation to be paid and the amount of attorney's fees or compensation rendered for any service under the act. Beneficiaries of the act are under the protection of the commission, and they can waive none of the provisions of the act in regard to compensation

except after approval by the ·commission. If the act is to fulfill the purposes for which it was adopted these provisions for the protection of its beneficiaries must be enforced by the commission and observed by attorneys who appear before it. The respondent willfully disregarded them, and in my judgment the rule should be made absolute.