Docket No. 105532.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

MAXIT, INC., Appellant, v. JOHN VAN CLEVE *et al*., Appellees.

*Opinion filed October 17, 2008.*

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Thomas, Kilbride, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

In September 2006, the circuit court of Du Page County granted summary judgment in favor of plaintiff and against defendants John Van Cleve and his wife, Kelley Van Cleve. The appellate court reversed and remanded. 376 Ill. App. 3d 50. We granted plaintiff's petition for leave to appeal (210 Ill. 2d R. 315(a)), and, for the reasons set forth below, affirm the judgment of the appellate court.

## BACKGROUND

On December 26, 2001, John suffered an injury to his back as a result of an automobile accident, when another car caused John's car to drive off the road. At the time of the accident, John was an employee of plaintiff and was working within the course and scope of his employment. On May 16, 2002, John filed a workers'

compensation claim against plaintiff with the Illinois Industrial Commission,[1] case No. 02 WC 25917. John also filed a claim under plaintiff's underinsured-motorist policy No. 1035982371, which was held by CNA Insurance Companies (CNA). At the time of John's injury, plaintiff was not covered under any workers' compensation insurance policy.

On September 10, 2004, defendants signed the release at issue in this appeal. This document, entitled "Release of All Claims," provides:

> "[1] FOR AND IN CONSIDERATION of the payment to us at this time of the sum of $800,000, Eight Hundred Thousand Dollars, the receipt of which is hereby acknowledged, we being of lawful age, do hereby release, acquit and forever discharge Maxit Inc., Transportation Insurance Co., and their agents, servants, successors, heirs, executors, insurers, administrators, all other persons, firms, corporations, associations or partnerships ('Releasees') or and from any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from an accident that occurred on or about 12/26/2001, and covered by Underinsured Motorist policy provisions in Policy No. 1035982371.

> [2] We hereby declare and represent that the injuries sustained are permanent and progressive and that recovery therefrom is uncertain and indefinite, and that in making this release and agreement it is understood and agreed that we rely wholly upon our own judgment, belief and knowledge of the nature, extent and duration of said injuries, with the advice of counsel and that we have not been influenced to any extent whatever in making this release by any representations or

---

[1]On January 1, 2005, the Illinois Industrial Commission was renamed the Illinois Workers' Compensation Commission. See *Roberson v. Industrial Comm'n*, 225 Ill. 2d 159, 162 n.1 (2007), citing 820 ILCS 305/1(c) (West 2004).

statements regarding said injuries, or regarding any other matters, made by the persons, firms or corporations who are hereby released, or by any person or persons representing him or them, or by any physician or surgeon by him or them employed.

[3] In consideration of the aforesaid payment, John Van Cleve and Kelley R. Van Cleve agree to indemnify and hold forever harmless, Releasees, their heirs, successors, administrators, insurers or assigns from and against any and all claims, rights, duties, obligations, debts, liabilities, liens or causes of action of any kind and nature whether foreseen, unforeseen, contingent or actual, liquidated or unliquidated that have been or may hereafter and any time be made or brought against the said Releasees for the purpose of enforcing a further claim for damage on account of the alleged damages or injury sustained in consequence of the aforesaid accident.

[4] It is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment is not to be construed as an admission of liability on the part of the Releasees, by whom liability is expressly denied.

[5] We further agree that this release shall not be pleaded by us as a bar to any claim or suit.

[6] The undersigned acknowledge and agree that the aforesaid sum represents the full amount of damages due them according to the terms of Policy No. 1035982371 and further agree, in consideration of such payment, upon the Releasees request, to take such action as may be necessary to recover from the owner or operator of such underinsured automobile the damages suffered by the undersigned. In the event of a recovery, the Releasees shall be reimbursed out of such recovery to the extent of any payment made to the undersigned; and in addition, shall be reimbursed for expenses, costs and attorney's fees by it in connection with such action.

under [*sic*]

[7] This release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are contractual and not a mere recital.

[8] We further state that we have carefully read the foregoing release and know the contents thereof, and we sign the same as our own free act."

Nearly one year later, on September 6, 2005, John and plaintiff entered into a written agreement for settlement of John's previously filed workers' compensation claim, case No. 02 WC 25917. Under the agreement, which was approved by the Illinois Workers' Compensation Commission (Commission), plaintiff agreed to pay defendants $200,000 in settlement of the claim.

On October 19, 2005, plaintiff filed its complaint against defendants in this case, alleging breach of the September 2004 release. In the complaint, plaintiff alleged that defendants breached the terms of the release by refusing to consider their claim for workers' compensation benefits released by the September 2004 agreement. Plaintiff claimed that this September 2004 release, "by its own terms, specifically included the release of [plaintiff] of any and all claims, of whatever nature or sort raised or to be raised by [defendants] that would arise out of or on account of[ ] the accident of December 26, 2001." According to plaintiff, the workers' compensation claim was included within the scope of the term "any and all claims" as stated in the release. Plaintiff sought, as damages, the $200,000 it was obligated to pay in settlement of the workers' compensation claim.

Defendants filed a counterclaim against plaintiff, alleging that plaintiff fraudulently induced them to settle the workers' compensation claim for $200,000. Defendants also filed affirmative defenses.

Thereafter, plaintiff filed a motion for summary judgment on its complaint and a motion for judgment on the pleadings regarding defendants' affirmative defenses and counterclaim.

Plaintiff argued, among other things, that the language in the third paragraph of the September 2004 release clearly and unambiguously released plaintiff from any and all claims arising from the December 26, 2001, accident, including John's workers' compensation claim.

Defendants pointed, in response, to the first paragraph of the release. According to defendants, this paragraph clearly limited the release to claims covered by the underinsured-motorist policy, which did not cover John's workers' compensation claim. Defendants also pointed to section 23 of the Workers' Compensation Act (Act), which provides, in pertinent part: "No employee *** shall have power to waive any of the provisions of this Act in regard to the amount of compensation which may be payable to such employee *** except after approval by the Commission." 820 ILCS 305/23 (West 2004). Defendants note that the September 2004 release was not approved by the Commission, and the release therefore could not have constituted a waiver of John's workers' compensation claim under the terms of the Act. Alternatively, defendants argued that the language in the release was ambiguous and summary judgment was improper. Defendants then filed a cross-motion for summary judgment.

In September 2006, the circuit court granted summary judgment in favor of plaintiff and against defendants. The court also granted plaintiff's motion for judgment on the pleadings regarding defendants' counterclaim and affirmative defenses. In its order, the court concluded that the September 2004 release was clear and unambiguous on its face and, therefore, subject to enforcement as a matter of law. In the court's view, the release clearly expressed defendants' intent to release plaintiff from "any further financial responsibility proximately caused by the accident, and to indemnify [plaintiff] for any subsequent loss that might occur." With respect to defendants' claim that plaintiff's construction of the release contravened section 23 of the Act, the court agreed with plaintiff that defendants, in signing the release, did not waive their rights under the Act. Defendants were free to pursue those rights, but the release obliged defendants to make good on their indemnification promise to plaintiff.

On appeal, defendants argued, *inter alia*, that the plain language of the release required judgment in their favor and that, by operation of law, the release did not release John's workers' compensation claim. The appellate court reversed and remanded. 376 Ill. App. 3d at 59. The court asserted that it was well settled that an employer could not ignore section 23 of the Act and enter into a settlement with its employee without the approval of the Commission. The court

-5-

concluded that, absent Commission approval, the September 2004 release did not include within its scope John's workers' compensation claim. According to the court, defendants were entitled to prevail, as a matter of law, on their cross-motion for summary judgment.

ANALYSIS

Before this court, plaintiff argues that the appellate court: (1) incorrectly held that the September 2004 release was potentially ambiguous; (2) misapplied section 23 of the Act to the release; and (3) improperly gave defendants a double recovery for a single, indivisible injury.

The purpose of summary judgment is to determine whether a genuine issue of material fact exists. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 162 (2007). Summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2–1005(c) (West 2004). An appellate court reviews *de novo* an appeal from a summary judgment ruling. *Horwitz v. Holabird & Root*, 212 Ill. 2d. 1, 8 (2004).

Although both plaintiff and defendants argue that the language of the release is clear and unambiguous, they take opposite views of what the language means. The parties look to separate paragraphs of the release to support their assertions that the language of the release is unambiguous. Defendants point to the first and sixth paragraphs of the release, wherein the underinsured-motorist policy is expressly referenced. Defendants argue that because the release specifically refers to claims covered by the underinsured-motorist policy, it is clear that the release only releases plaintiff from further liability in conjunction with that insurance policy, which did not include workers' compensation claims. Plaintiff, on the other hand, cites the use of the phrase "any and all claims" in the third paragraph of the release as language that is clear and unambiguous, thus requiring defendants to consider their claim for workers' compensation benefits under the Act as released.

We agree with the appellate court below that there appears to be some ambiguity as to whether the parties intended to limit the

operation of the release only to claims arising under the underinsured-motorist policy, or instead intended the release to include defendants' workers' compensation claim as well.[2] However, we conclude, as did the appellate court, that we need not resolve this question, because the resolution of this appeal is controlled by section 23 of the Act.

Section 23 of the Act (820 ILCS 305/23 (West 2004)), which governs injuries suffered by employees which occur in the scope and course of employment, provides in relevant part, as follows:

> "No employee *** shall have power to waive any of the provisions of this Act in regard to the amount of compensation which may be payable to such employee *** except after approval by the Commission and any employer *** who shall enter into any payment purporting to compromise or settle the compensation rights of an employee *** without first obtaining the approval of the Illinois Workers' Compensation Commission *** shall be barred from raising the defense of limitation in any proceedings subsequently brought by such employee ***." 820 ILCS 305/23 (West 2004).

Neither party disputes the fact that the release was not approved by the Commission. Nor do the parties dispute that the language of the release does not make any express reference to the workers' compensation claim.

Plaintiff, however, insists that this case has nothing to do with the Act but rather is a simple breach of contract case. According to plaintiff, based on the terms of the release, defendants are required to abandon their claim for workers' compensation benefits under the Act. Plaintiff contends that the requirement to abandon the claim for benefits does not constitute a waiver of defendants' rights under the Act. According to plaintiff, this requirement is in accordance with the contractual obligation agreed to in the release. Thus, according to plaintiff, defendants are now required to indemnify plaintiff for

---

[2]It should be noted that the underinsured-motorist policy was the only policy specifically referred to in the release, and that policy could not have covered the workers' compensation claim, because plaintiff did not have workers' compensation insurance at the time of the accident.

payments made to defendants under the Act, based on the terms of the release. We do not agree.

In the factually similar case of *International Coal & Mining Co. v. Industrial Comm'n*, 293 Ill. 524 (1920), an employee was injured at work. At a hearing on the petition for compensation, an arbitrator awarded the employee $2,801.14 as compensation for his injury. The employer subsequently petitioned the Industrial Commission for a review of the award, and on the same day secured from the employee a release from any and all claims and demands, including all claims arising under the Act resulting from the accident in question in exchange for $1,819.34.

At the hearing before the Industrial Commission, the employer offered into evidence the release, along with a stipulation to dismiss, and the receipt for final settlement. The employee objected on the ground that the final receipt amounted to a lump-sum settlement which had not yet been presented to the Industrial Commission and could not have been agreed upon without the approval of the Industrial Commission. *International Coal*, 293 Ill. at 527. The employer contended that by signing the release, the employee waived no legal rights. This court found that the agreement, if valid, *would* cause the employee to waive substantial rights under the Act amounting to a waiver, which an employee had no right to do under the Act. *International Coal*, 293 Ill. at 528.

This court held that while one of the purposes of the Act is to encourage the settlement of claims arising under it, such a settlement, in order to be within the contemplation of the Act, must be made in accordance with the terms and provisions of the Act. *International Coal*, 293 Ill. at 529. Thus, the court held that the release was an attempted lump-sum settlement, and such a settlement must be petitioned for as provided in the Act and approved by the Industrial Commission. *International Coal*, 293 Ill. at 529.

Further, in *Zurich General Accident & Liability Insurance Co. v. Industrial Comm'n*, 325 Ill. 452, 456-57 (1927), this court recognized the well-settled rule that direct settlements between an employer and an employee must be filed with, and approved by, the Industrial Commission. The court held that an employer was bound by the provisions of the Act and could not relieve himself from liability pursuant to a private agreement with an employee. *Zurich*, 325 Ill. at

-8-

456.

Plaintiff's argument that the release did not require defendants to waive their rights under the Act, but did require defendants to indemnify plaintiff, is unpersuasive. The distinction that plaintiff contends exists between defendants' releasing plaintiff from the workers' compensation claim, on the one hand, and defendants' waiving their rights to benefits under the Act, on the other, is essentially a distinction without a difference, where the end result is the same. The language in section 23 of the Act is clear in that it provides, in pertinent part, that no settlement purporting to settle the claims under the Act can be effective unless it is approved by the Commission. " 'Where the language of a statute is clear and unambiguous, a court must give it effect as written, without "reading into it exceptions, limitations or conditions that the legislature did not express." ' " *In re D.L.*, 191 Ill. 2d 1, 9 (2000), quoting *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373, 378 (1996), quoting *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 83 (1994).

Plaintiff next argues that the appellate court's ruling gives defendants a double recovery for a single, indivisible injury. According to plaintiff, section 23 should not be interpreted to allow "this type of double recovery by a party that chooses to breach a Release that was voluntarily signed with the benefit and advice of legal counsel."

Plaintiff's argument arises from defendants' reference to the same medical bills both in support of the September 2004 release and in the demand letter for settlement under the Act. Plaintiff asserts that defendants' use of identical documents to prove damages in two separate agreements violates public policy.

As we have held, the language of section 23 of the Act clearly states that any waiver of rights under the Act must be approved by the Commission. Where the statutory language is clear and unambiguous, we must not depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express. *Petersen v. Wallach*, 198 Ill. 2d 439, 446 (2002). Thus, we are obligated to interpret the statute in this manner.

To the extent, if any, section 23 allows the kind of double

recovery plaintiff complains of, the proper forum for this concern is the legislature. It is not within our province to address concerns more appropriately addressed to the legislature.

We hold, as did the appellate court, that the September 2004 release was ineffective to waive defendants' rights under the Act. We therefore affirm the appellate court's judgment reversing the trial court's grant of summary judgment in favor of plaintiff. We also conclude, as did the appellate court, that defendants are entitled to prevail, as a matter of law, on their cross-motion for summary judgment.

Although defendants raise a number of additional arguments, in light of our decision today, we need not address those contentions.

## CONCLUSION

We affirm the judgment of the appellate court reversing the judgment of the trial court and remanding the cause to the circuit court of Du Page County for further proceedings.

*Affirmed.*