VALLIS WYNGROFF BUSINESS FORMS, INC., Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Gail J. Farina, Appellee).

First District (Illinois Workers' Compensation Commission Division)
No. 1—09—0991WC

Opinion filed June 15, 2010.

Scopelitis, Garvin, Light, Hanson & Feary, P.C., of Chicago, for appellant.

Arthur E. German, of Chicago, for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Vallis Wyngroff Business Forms, Inc. (Vallis), appeals from an order of the circuit court of Cook County, dismissing its action for judicial review of a decision of the Illinois Workers' Compensation Commission (Commission) for lack of jurisdiction. The circuit court ruled that Vallis failed to comply with the bond requirement of section 19(f) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f) (West 2008)). For the reasons that follow, we affirm the judgment of the circuit court.

The facts of this case are undisputed. The claimant, Gail J. Farina, filed an application for adjustment of claim pursuant to the Act (820 ILCS 305/1 *et seq.* (West 1996)), seeking benefits for injuries she allegedly received while in the employ of Vallis. Following a hearing, an arbitrator found that the claimant sustained injuries arising out of and in the course of her employment with Vallis on December 19, 1997. The arbitrator awarded the claimant 439$6/7$ weeks of temporary total disability benefits, covering the period from February 17, 1998, through July 23, 2006. Finding that the claimant is permanently and totally disabled, the arbitrator awarded her weekly benefits under section 8(f) of the Act (820 ILCS 305/8(f) (West 1996)) for life, commencing on July 24, 2006. The arbitrator also ordered Vallis to pay $436,707.62 for necessary medical services provided to the claimant.

Vallis filed a petition for review of the arbitrator's decision before the Commission. The Commission, with one commissioner dissenting, affirmed and adopted the arbitrator's decision.

Thereafter, a judicial review of the Commission's decision was sought in the circuit court of Cook County. On December 8, 2008, a request for the issuance of summons was filed in the office of the clerk of the circuit court of Cook County by counsel on behalf of Vallis. Contemporaneously, a $75,000 bond was filed that was executed by Maria Basinski as principal. In an affidavit filed with the bond, Basin-

ski states: that she is the national claims administrator for Atlantic Mutual Insurance Company (Atlantic), Vallis's workers' compensation insurance carrier; that pursuant to the terms of its policy of insurance, Atlantic has acted as the agent of Vallis in securing legal representation for Vallis in the case filed by the claimant and is bound to defend and indemnify Vallis from and against the claimant's action; and that Vallis "is believed" to be out of business and no representative of the company can reasonably be found.

The claimant filed a motion to quash the summons served upon her and to dismiss the judicial review action filed on behalf of Vallis. She argued that the bond filed in the instant action does not comply with section 19(f)(2) of the Act (820 ILCS 305/19(f)(2) (West 2008)) because nothing in the bond or in Basinski's affidavit reflects that she had the authority to sign the bond as principal or to guarantee payment on behalf of Vallis.

The circuit court granted the claimant's motion, quashing service of summons and dismissing Vallis's judicial review action. This appeal followed.

Vallis argues that the circuit court erred in dismissing its judicial review action as the bond signed by Basinski which was filed along with its request for the issuance of summons was substantially compliant with section 19(f)(2) of the Act. We disagree.

Section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 2008)) sets forth the requirements for seeking a judicial review of a Commission decision. The statute provides that a review proceeding must be commenced within 20 days of receipt of notice of the decision. It also provides that, within the same 20-day period, a written request to the clerk of the court for the issuance of a summons must be made. 820 ILCS 305/19(f)(1) (West 2008). However, before a summons can be issued, a bond must be tendered to the clerk of the circuit court. Section 19(f)(2) of the Act provides, in relevant part, as follows:

> "No such summons shall issue unless the one against whom the Commission shall have rendered an award for the payment of money shall upon the filing of his written request for such summons file with the clerk of the court a bond conditioned that if he shall not successfully prosecute the review, he will pay the award and the costs of the proceeding in the courts." 820 ILCS 305/ 19(f)(2) (West 2008).

" '[I]t is evident from the language of section 19(f)(2) that the bond is to be executed by the party against whom the award has been made ***.' " *Deichmueller Construction Co. v. Industrial Comm'n*, 151 Ill. 2d 413, 414, 603 N.E.2d 516 (1992), quoting *Deichmueller Construction Co. v. Industrial Comm'n*, 215 Ill. App. 3d 272, 275 (1991). Strict

compliance with the section 19(f)(2) bond requirement is necessary in order to confer jurisdiction upon the circuit court to review a decision of the Commission. *Illinois Armored Car Corp. v. Industrial Comm'n*, 205 Ill. App. 3d 993, 997, 563 N.E.2d 951 (1990).

Basinski executed the bond which was filed in this case. Neither in the bond nor in the affidavit which was filed with it does Basinski allege that she is an agent of Vallis. She alleges only that she is the national claims administrator for Atlantic, Vallis's workers' compensation insurance carrier. Although she avers that Atlantic has acted as the agent of Vallis in securing legal representation in this case, she does not allege that Atlantic has the authority to execute a bond on behalf of Vallis. Further, she does not even allege that she has the authority to execute a bond on behalf of Atlantic. Simply put, nothing in the record at the time of the filing of the bond or which was filed during the 20-day period provided in section 19(f)(1) of the Act establishes Basinski's authority, either express or implied, to bind Vallis to pay the bond. See *Deichmueller Construction Co.*, 151 Ill. 2d at 414-15; *Berryman Equipment v. Industrial Comm'n*, 276 Ill. App. 3d 76, 77-78, 657 N.E.2d 1039 (1995).

Nevertheless, Vallis argues that, because it was out of business and it was impossible to have the bond executed by one of its officers or other employees, the bond executed by Basinski substantially complies with the requirements of section 19(f)(2) as Atlantic is the "only entity which would be responsible to pay any eventual award." The argument is defeated, however, by the unambiguous language of the statute which requires the bond to be executed by the party "against whom the Commission shall have rendered an award." 820 ILCS 305/19(f)(2) (West 2008). In this case, that party is Vallis, not Atlantic. When the requirements of a statute are clear and unambiguous, such as in this case, we must give the statute effect as written, without reading into it provisions that the legislature did not express. *Maxit, Inc. v. Van Cleve*, 231 Ill. 2d 229, 239, 897 N.E.2d 745 (2008).

Finally, Vallis argues that, by refusing to accept the bond filed in this case, the circuit court denied it "due process rights to appeal a decision of the Commission." However, Vallis cites no authority in support of its argument in this regard.

Supreme Court Rule 341(h)(7) requires a party to provide citations to relevant authority supporting arguments advanced on appeal. 210 Ill. 2d R. 341(h)(7). Because Vallis failed to support this argument with citations to authority, the argument has been forfeited for purposes of this appeal. *Bigelow v. City of Rolling Meadows*, 372 Ill. App. 3d 60, 64, 865 N.E.2d 221 (2007); *Ruback v. Doss*, 347 Ill. App. 3d 808, 816, 807 N.E.2d 1019 (2004).

Based upon the foregoing analysis, we find that the bond executed by Basinski did not satisfy the requirements of section 19(f)(2) of the Act, and, as a consequence, the circuit court lacked jurisdiction to entertain Vallis's action for judicial review of the Commission's decision in this case. Therefore, we affirm the decision of the circuit court dismissing the action.

Affirmed.

McCULLOUGH, P.J., and HUDSON, HOLDRIDGE, and DONOVAN, JJ., concur.