THE NITRAM COMPANY, PROSECUTOR, v. THE COURT OF COMMON PLEAS IN AND FOR THE COUNTY OF ESSEX, AND JOHN B. WOOLSTON, CLERK OF SAID COURT, AND JOHN CREAGH.

Argued November 7, 1912—Decided March 25, 1913.

The plaintiff, an infant, under the age of fifteen years, while in the employ of the defendant company, the prosecutor, under the Workingmen's Compensation act (*Pamph. L.* 1911, *p.* 137), section 2, paragraph 11, had his fingers smashed, which resulted in having parts of them amputated. The injuries produced a temporary disability, partly due to an infection of the left hand during which he was unable to work. *Held*, that damages were properly allowed, both under clause "a" of paragraph 11, concerning temporary disability, and clause "c" of paragraph 11, providing for disability partial in character, but permanent in quality, even though the damages would exceed the maximum recoverable under clause "b," relating to total and permanent disability.

On *certiorari* to Common Pleas Court for Essex county.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *Edward M.* and *Runyon Colie.*

For the defendants, *Howe* and *Davis.*

The opinion of the court was delivered by

KALISCH, J.   The defendant John Creagh, an infant under the age of fifteen years, was injured on the 18th day of July, 1911, while employed by the prosecutor. He earned four dollars a week. His employment was under section 2, paragraph 11, of the Workingmen's Compensation act. *Pamph. L.* 1911, *p.* 134. The ends of the index, middle and ring fingers of Creagh's right hand were crushed and slightly deformed; the end of the index finger of his left hand was crushed leaving a scar but not interfering with its use; the middle and ring fingers of his left hand were so badly crushed

that amputation of the first and part of the second phalange of each of these fingers was necessary; the little finger of the left hand was slightly injured. These injuries produced a temporary disability, partly due to an infection of the left hand, during which Creagh was unable to work from July, 1911, to January, 1912. The trial judge allowed the damages fixed by the statute for the partial, but permanent, injury to the fingers, and also allowed in addition for the temporary disability arising from the infection. He based his action on paragraph 11, clause (a) of section 2, of the act which concerns temporary disability, and clause (c) of paragraph 11 which provides for disability partial in character but permanent in quality. The trial judge pursued the proper course. The two injuries were different in character, although the result of the same accident.

The prosecutor's contention is that no compensation can be awarded under more than one clause of paragraph 11 of section 2 of the act.

The argument made is that to permit a recovery under a combination of clauses (a) and (c) would make the act absurd, unless the act contained a provision limiting the recovery under a combination of clauses (a) and (c) to the maximum recoverable under clause (b). But even if the construction put on paragraph 11, by the trial judge, would lead to the result that a recovery under clauses (a) and (c) might exceed the maximum recoverable under clause (b) we cannot say that such result was not contemplated by the legislature, any more than we can say that it is reasonably inferable from such a result that the legislature in fixing the maximum recoverable under clause (b) did not put it high enough. To attempt to do so in either case would be to disregard the plain language of the act. If the act works unscientifically, absurdly or unjustly that is for the legislature to correct. We think that both the language and spirit of the act favor the construction put upon it by the trial judge. The object of the act is to provide for compensation to workingmen who have sustained injuries in their respective employments. This compensation is based and fixed upon

certain schedules. It is optional with the master and servant whether the employment shall be under section 2 of the act or not. It is a matter of common knowledge that in this regard the person who seeks work is rather at a disadvantage, for unless he is willing to accept employment under section 2 of the act he will have a very small opportunity to obtain any. When, therefore, the contract of employment is entered into under section 2 of the act, there is no legal reason why the master who had the option to enter into the same, should be relieved from the plain provisions of the statutory contract, when occasion for their enforcement arises. Bearing in mind that the purpose of the act is to make compensation, it is neither unreasonable nor unjust where the injuries sustained cause a double loss, as in this case, where the plaintiff lost his wages for a certain period of time which were recoverable under clause (*a*) and several of his fingers for which he was entitled to compensation under clause (*c*) that he should have compensation for both.

The judgment will be affirmed, with costs.