KARGES, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*April 7—June 28, 1917.*

*Workmen's compensation: Scale of compensation: Action to review award: Jurisdiction of circuit court: Question not determined by industrial commission.*

1. Under sub. (2) (d), sec. 2394—9, Stats., the aggregate indemnity for temporary total disability followed by permanent partial disability is not to exceed four times the average annual earnings of the injured employee, or $3,000,—the maximum allowable as annual earnings being by sec. 2394—10 fixed at $750.
2. Where, upon making an award, the industrial commission failed, through some oversight, to determine the question whether the compensation should be increased fifteen per cent. under sub. (5) (h), sec. 2394—9, Stats., because the employer had furnished a defective appliance which caused the injury, the circuit court had no power to determine that question in an action to review the award, but properly remanded the record to the commission to make the appropriate findings.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court remanding proceedings to the *Industrial Commission.*

The plaintiff was injured July 6, 1915, while in the employ of the defendant *National Terra Cotta & Window Cleaning Company,* and became entitled thereby to compensation from such employer under the provisions of the Workmen's Compensation Act. He was employed as a window cleaner, and to keep him from falling used an appliance in the shape of a belt strapped around his body with two snaps attached to it to be inserted in hooks in each side of the windows to be cleaned.

It is contended by plaintiff that a defect in one of the snaps on such belt caused his fall and consequent injury.

Upon the hearing before the *Commission* compensation was awarded to him upon findings that there was a temporary total disability for eighty-five weeks from the time of the injury; that at the expiration of such period there would ensue a permanent partial disability amounting to seventy-five per cent., and for which under the provisions of the Compensation Act the plaintiff would be entitled to an allowance for 313 weeks at the rate of $7.03 per week, the present worth thereof amounting to $2,018.34; that there was due for the period of the total disability the sum of $794.73, upon which had been paid $374.80, leaving a balance of $419.93, which, added to the present worth above stated for the permanent partial injury, made the total allowance of $2,438.27.

At the time of the hearing before the *Commission* a claim was made on behalf of the plaintiff for an additional allowance of fifteen per cent. as a penalty under the statute, on the ground that he had been furnished a defective appliance causing the injury. Testimony was given with reference to such appliance, but no disposition was made by the *Commission* of such question. The plaintiff, being dissatisfied with

the amount of the award, commenced the action in the circuit court to review the same and that court determined that the allowance was properly computed, but that, as it appeared from the record the question of furnishing a defective appliance had not been litigated before the *Commission* and no finding made thereon, the proceedings must, under sec. 2394—20, Stats., be remanded to the *Commission* for further hearing; and from the judgment so remanding the application and record to the *Commission* the plaintiff appeals to this court.

In the circuit court the defendant employer set up a counterclaim to the effect that an over-allowance for interest had been made by the *Commission,* but such counterclaim was waived and withdrawn in this court.

For the appellant there was a brief by *Joseph G. Hirschberg* and *Horace B. Walmsley* of Milwaukee, and oral argument by *Mr. Walmsley.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

*Burr J. Scott* of Milwaukee, for the respondent *National Terra Cotta & Window Cleaning Company.*

The following opinion was filed April 24, 1917:

Eschweiler, J.   The material parts of the Workmen's Compensation Act necessary for consideration here are those relating to the scale of compensation and found in sec. 2394—9, Stats., as follows:

"(2) If the accident causes disability, an indemnity which shall be payable as wages on the eighth day after the injured employee leaves work as the result of the injury, and weekly thereafter, which weekly indemnity shall be as follows:

"(a) If the accident causes total disability, sixty-five per cent. of the average weekly earnings during the period of such total disability; . . .

"(b) If the accident causes partial disability, sixty-five per cent. of the weekly loss in wages during the period of such partial disability.

"(c) If the disability caused by the accident is at times total and at times partial, the weekly indemnity during the periods of each such total or partial disability shall be in accordance with said subdivisions (a) and (b) respectively.

"(d) Said subdivisions (a), (b) and (c) shall be subject to the following limitations:

"In case of temporary or partial disability aggregate indemnity for injury to a single employee caused by a single accident shall not exceed four times the average annual earnings of such employee, and in case of permanent total disability aggregate indemnity for injury to a single employee caused by a single accident shall not exceed six times the average annual earnings of such employee. . . .

"The aggregate disability period shall not, in any event, extend beyond fifteen years from the date of the accident."

Plaintiff's wages were conceded to have been more than the maximum allowable under sec. 2394—10, that is, $750 per annum.

The maximum under sub. (2) (d), sec. 2394—9, that can be allowed in case of a temporary or partial disability is four times that $750, or $3,000, and the maximum allowable for permanent total disability is six times the same sum, or $4,500.

The plaintiff contends that there is no provision in the statute just quoted which fixes any limit for the aggregate of the combination appearing here of temporary total disability followed by partial permanent disability, other than that fixed by the limitation of fifteen years, and that the method of computation in this case should have been a full allowance for the temporary total disability under sub. (2) (a), to which should be added a separate and full allowance for the partial disability under sub. (2) (b).

The *Commission,* however, allowed him compensation on the theory that, the disability not being a permanent total

one, it must be classed as under the head of a temporary or partial disability, the aggregate indemnity for which shall not exceed four times the average annual earnings, or $3,000, and crediting him, as against such maximum sum, the allowance made for the period of temporary total disability, being the conceded amount of $794.73.

While the statute is not as clear as it might be on this point, it appears to us that the construction placed upon it by the *Commission* and the court below is the correct one. It is evident that the legislature intended that the person who receives a permanent total disability should receive more compensation than one who is not completely and continuously disabled.

There are but two classes provided for by the language of the statute, and if plaintiff cannot be placed within the one for which the maximum allowance is made he must necessarily fall within the other class, covering the cases of temporary or partial disability.

The situation is not like the one in the case of *Mellen L. Co. v. Industrial Comm.* 154 Wis. 114, 142 N. W. 187, where, under the plain letter of the statute as then written, it required compensation to be awarded to an injured person on the basis of total incapacity from engaging in the work of shingle sawyer, at which he had been employed at the time of the injury, although it appeared he was able to earn substantially the same amount of wages in other employment, thus arriving at a seemingly inequitable allowance; but it was according to the plain letter of the statute as it then existed and resulted in an immediate amendment to the statute.

In this case the plaintiff has no plain letter of the statute to rely upon in support of his contention, and the additional allowance he asks for could only be given by reason of the court now reading language into the statute by construction, the very thing that it refused to do in the *Mellen Lumber Company Case.*

Reliance is placed upon the case of *Nitram Co. v. Common Pleas,* 84 N. J. Law, 243, 86 Atl. 435, where, after an injury to the employee's two hands, infection setting in in one hand produced a temporary disability.   Under the New Jersey statute an allowance was made for the damages fixed by the statute for a partial but permanent injury to the fingers, and also an additional sum was allowed for the temporary disability arising from the infection.   But there was also full warrant for such proceeding under the New Jersey statute allowing under one paragraph a minimum and maximum compensation for temporary disability and under another for disability partial in character but permanent in quality, and specifying, as does our statute, for particular and precise injuries such as to the hands.   The New Jersey statute had no such limitation, however, upon the subdivisions (a) and (c) in question in that case like those contained in sub. (2) (d) in our statute above quoted.

It appears that through some oversight in the proceedings before the *Commission* the question was undetermined as to whether the penalty should have been allowed to plaintiff under sub. (5) (h), sec. 2394—9, which reads as follows:

"(h) Where injury is caused by the failure of the employer to comply with any statute of the state or any lawful order of the industrial commission, compensation as provided in sections 2394—3 to 2394—31 inclusive, shall be increased fifteen per cent."

It is now conceded by the respondent *Industrial Commission* that an allowance should be made for such penalty, it appearing that certain rules had been promulgated by the *Commission* with reference to the use of appliances in that occupation.

The plaintiff urges that the circuit court should have determined and that this court should now determine that matter and enter judgment for the same.

The circuit court by sec. 2394—19 is limited, upon the

hearing of the review of such an award, to either affirming or setting aside the same, and under sec. 2394—20 the court may recommit the controversy for further hearing or proceedings or it may enter the proper judgment upon the findings, as the nature of the case may demand. It is plain from these provisions that, there having been no finding by the *Commission* as to facts necessary to warrant such an allowance of the fifteen per cent. penalty, the court properly remanded the record to the *Commission* to make the appropriate findings, and that that tribunal is the proper place in which such action should be taken. The rulings of the circuit court therefore were correct on both features of the case and judgment should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed, with costs to the respondent *National Terra Cotta & Window Cleaning Company* against plaintiff and appellant.

On June 28, 1917, a motion by the appellant for a modification of the mandate was denied, without costs; and on the same day a motion by the appellant for a rehearing was denied, with $25 costs in favor of the *National Terra Cotta & Window Cleaning Company.*