(No. 12534.—Judgment affirmed.)

THE PEABODY COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LUM BARTH, Defendant in Error.)

*Opinion filed October 27, 1919.*

1. WORKMEN'S COMPENSATION—*what objection must be raised on the hearing.* An objection that the testimony of expert witnesses determines an ultimate issue of fact in the proceeding before the Industrial Commission should be made on the hearing and cannot be raised for the first time in the circuit court nor in the Supreme Court.

2. SAME—*when circuit court may enter judgment for an award different from decision of Industrial Commission.* Where the facts are not disputed, clause 2 of paragraph (*f*) of section 19 of the Workmen's Compensation act authorizes the circuit court to render such decision for compensation as is justified by law, and where it is clear that the Industrial Commission misapprehended the law applicable to the facts proved, the circuit court may enter a judgment for an award different from the decision of the commission.

3. SAME—*expert evidence is to be treated as other evidence.* Expert evidence is legal and competent evidence, and is to be received and weighed as other evidence by triers of fact in compensation cases.

4. EVIDENCE—*how expert testimony should be weighed.* The weight of expert testimony should be determined by the character, capacity, skill and opportunities for observation and state of mind of the experts themselves as seen and heard and estimated by the jury and by the nature of the case and its developed facts.

5. SAME—*when court should not disregard testimony of expert witnesses.* Where the facts are proved altogether by expert witnesses and are wholly uncontradicted, and all the witnesses appear to be unbiased, well skilled in their profession and fully competent to give correct information and opinions based upon the actual facts, the court is not justified in disregarding such evidence and holding the facts as not established.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

BATES, HICKS & FOLONIE, (DENISON & SPILLER, of counsel,) for plaintiff in error.

289 – 29

GEORGE R. STONE, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, Lum Barth, was injured June 23, · 1916, by an accident arising out of and in the course of his employment as a coal miner while working for the Peabody Coal Company and which resulted in a compound fracture of the left leg, necessitating surgical and medical attention and confining him to his bed for four months and four days. Compensation was voluntarily paid him by the plaintiff in error, the Peabody Coal Company, to the extent of $240.67, prior to the commencement of proceedings under the Workmen's Compensation act. A hearing was had before the arbitrator on August 4, 1917, who found that the petitioner was entitled to receive from plaintiff in error $7.79 per week for 78 weeks for temporary total incapacity for work, and the sum of $2 per week for a period of 175 weeks, "as provided in section 8, paragraph (d), of the act as amended, for partial disability." Defendant in error petitioned the Industrial Commission for a review of the award, and the commission found the award of the arbitrator correct and ordered it to stand as the decision of the commission. Defendant in error then sued out a writ of *certiorari* from the circuit court of Williamson county. That court set aside the award and adjudged that the defendant in error was entitled to 83 weeks at the rate of $7.79 per week for temporary total disability, and 333 weeks at the rate of $2 per week for permanent partial disability, "for the reason that the said injury sustained * * * was twenty-five per cent permanent disability," and certified that the cause is one proper to be reviewed by this court.

The only questions presented for our consideration are (1) whether or not the circuit court had jurisdiction to enter a judgment in the case different from that fixed by

the Industrial Commission; and (2) whether the award as fixed by the court could be sustained on evidence of expert witnesses as to the extent of the injury, which plaintiff in error claims was inadmissible.

The evidence in this case shows that Dr. D. D. Hartwell rendered first aid to defendant in error and was paid for his services by plaintiff in error. Defendant in error then declined to accept the further services of Dr. Hartwell and selected and employed his own physician. Three physicians, Drs. Zack Hudson, H. D. Norris and I. C. Walker, testified, in substance, that defendant in error had a compound fracture of the left leg below the knee and that the ends of the fragments of bone protruded through the flesh; that there was coal dust and dirt in the wound, and that he suffered greatly from shock and was in bed continuously four or five months; that the flesh was all torn up for a radius of eight or ten inches and the fracture was three and a half or four inches above the ankle; that there was considerable sloughing on the front, back and internal portions of the leg and that about one-eighth of the posterior portion of the leg was gone; that the fibula is pulled in, and that its union is imperfect, the alignment bent and at the point of the break there is a great amount of cartilage. All three of the physicians were unanimous in their testimony that the defendant in error was then (August 4, 1917,) totally disabled from doing any work and that such total disability would continue six months longer, and that after he had made the best possible recovery from his injury he would for all time thereafter be partially disabled from performing his work at mining to the extent of twenty-five per cent, and that he would be incapacitated to the same extent from performing any other labor that would require him to stand on and use his lower limbs, because of the loss of the use of his left leg. They were also of the opinion that there might be some kinds of work in which he

would be fully capacitated to do full work, in which he did not have to stand on or use his feet.

The principal complaint made by the plaintiff in error is that the testimony of defendant in error's expert witnesses that his partial disability permanently impaired his earning capacity twenty-five per cent, etc., was inadmissible because an ultimate issue of fact before the arbitrator and the commission. It may be conceded that such is true, but plaintiff in error is in no position whatever to complain of the incompetency of this testimony as there was no such objection made either before the arbitrator or before the commission. Besides, much evidence of the same objectionable character was elicited from the witnesses on cross-examination by plaintiff in error's counsel. The triers of the facts in this case and the attorney for defendant in error had no notice of any claim that said evidence was incompetent, and thereby were lulled into the belief that plaintiff in error regarded the evidence as competent. Had the evidence been objected to on the hearing, defendant in error's counsel would have had the opportunity to make proof of the facts by evidence entirely unobjectionable. Plaintiff in error cannot be heard now to complain of the evidence on this hearing and such question could not be raised for the first time in the circuit court. No evidence whatever was offered on behalf of plaintiff in error. The evidence was uncontroverted, and proved positively that defendant in error was rendered temporarily totally disabled from following his occupation from the 23d day of June, 1916, to August 4, 1917, and that he would continue to be temporarily totally disabled for six months thereafter, or until February 4, 1918. Under the provisions of paragraph (*b*) of section 8 of the Workmen's Compensation act he is entitled to be paid compensation for temporary total incapacity for the entire time of his disability, excluding the first eight days thereof. The correct calculation of the time will be found to be 83 full weeks for temporary total dis-

ability.   The circuit court was therefore right in making this calculation and in allowing defendant in error compensation for 83 weeks at $7.79 per week, as there was no dispute as to the amount per week that he was entitled to recover, because the statute authorized it to render such decision as is justified by law where the evidence is undisputed.   (Hurd's Stat. 1917, chap. 48, sec. 19, par. (*f*), clause 2, p. 1461.)

The provisions of the Workmen's Compensation act found in paragraph (*d*) of section 8 are: "If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall * * * receive compensation * * * equal to one-half of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident."   The undisputed proof in the record is that defendant in error is permanently partially incapacitated from pursuing his occupation as coal miner or from pursuing any other occupation in which he would be required to stand on and use his legs, and that his capacity to pursue such occupation will only be seventy-five per cent.   The plaintiff in error does not question the correctness of the court's allowing $2 per week for a period of 416 weeks, less 83, the number of weeks allowed for total disability, if the evidence in the record is sufficient to sustain that finding, as it is undisputed.   Its only claim for the reversal of the court in this particular is that uncontroverted expert evidence is not binding upon triers of facts and that the Industrial Commission had a right to substitute its judgment for the judgments or opinions of the expert witnesses, and that its finding that the defendant in error was entitled to $2 per week for only 175 weeks was binding on the circuit court and this court.   There is no evidence in the record and no reasonable theory of the law upon which the award

of the Industrial Commission can be sustained in this particular. It can only be explained on the supposition that the commission allowed an award for the loss of a leg or the complete loss of its use, under paragraph (*e*) of section 8. That section was not applicable to this case, as there was no loss of a leg or permanent and complete loss of its use, as required by said paragraph then in force.

Expert evidence is legal and competent evidence and is to be received, treated and weighed precisely as other evidence by triers of fact in this character of cases and by jurors in cases at law. The weight of such testimony should be determined by the character, capacity, skill and opportunities for observation and the state of mind of the experts themselves, as seen and heard and estimated by the jury, and by the nature of the case and its developed facts. (*Louisville, N. C. & T. R. R. Co.* v. *Whitehead,* 71 Miss. 451.) Where the facts are proven altogether by expert witnesses and they are wholly uncontradicted, and the witnesses all appear to be fair and unbiased, competent and well skilled in their profession and fully competent to give correct information and opinions based upon the actual facts, as shown in this case, there is no good reason for holding that a court may disregard the evidence as not establishing the facts because much of the evidence is opinion evidence or the evidence of expert witnesses. Defendant in error established the necessary facts by testimony uncontroverted, and the fact that three of the witnesses were doctors and gave expert testimony after detailing the facts upon which such expert testimony was based did not authorize the Industrial Commission to disregard the evidence. There is no showing in the record that it did so, but a clear showing that it misapprehended the paragraph or provision of the law applicable to the facts proved. The court in entering its judgment merely passed upon questions of law and reviewed no question of fact. When the necessary facts are proved and are wholly undisputed it is a

mere question of law as to what amount of compensation an injured party is entitled to receive, where he is petitioning for compensation under the Compensation act.

The judgment of the circuit court is correct, and it is affirmed.

*Judgment affirmed.*

---

(No. 12434.—Reversed and remanded.)
THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellant, *vs.* H. C. KOHLER, Appellee.

*Opinion filed October 27, 1919.*

1. TAXES—*when objection to taxes may be amended.* On the application of the county collector for judgment for taxes, an objection that the valuation was raised during the quadrennial period without notice to the objector is sufficiently clear to be amended at the hearing by adding the averment that there has been no physical change in the property.