Argued January 26; modified February 7, 1933

# HELTON *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

## (18 P. (2d) 831)

*Miles H. McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for appellant.

*Henry L. Hess,* of La Grande (Green & Hess, of La Grande, on the brief), for respondent.

KELLY, J.   On July 13, 1931, the claimant, Donald S. Helton, was injured while working, subject to the Workmen's Compensation Act, at a planing mill at Union, Oregon. On February 15, 1932, an award was made upon the first rehearing by the commission for temporary total disability at the rate of $49.61 per month for six months and 22 days, amounting to $339.64, which has been paid and a further award was made for permanent partial disability equal to four months payable in a lump sum of $99.17. When payment of this last mentioned award was tendered, it was rejected by claimant.

In his second application to the commission for rehearing, claimant asked for additional compensation for temporary total disability, and alleged that he would suffer permanent partial disability, but made no allegation as to the degree of such permanent partial disability. Following claimant's second application for rehearing, the commission made and entered an order dated March 30, 1932, affirming its order of February 15, 1932.

Upon appeal to the circuit court from the order of the commission, claimant, in his complaint, among other things, alleges:

" * * * that said claimant has suffered temporary total disability entitling him to payment at the rate of not less than $49.61 per month from the date of said injury until April 14, 1932, and $54.28 per month since said date for not less than 24 months, amounting to not less than $1,240, no part of which sum, except the sum of $339.64 has been paid; that said claimant has sustained permanent partial disability from said injuries arising out of said accident equal to not less than 64 months, and on account of such partial disability is entitled to award of not less than $1,600.00 payable in a lump sum or as provided by law".

In its brief, the commission says that the circuit court erred in entering a judgment requiring the commission to pay to the claimant compensation for permanent partial disability at the rate of $25 per month for a period of 64 months after December 11, 1935. As a proposition of law, in support of this assignment of error, the commission states:

That "under the Workmen's Compensation Law, permanent disability, if any, resulting from an accidental injury cannot be determined until the period of temporary total disability, or the healing period has ended. In other words, the amount of permanent disability, if any, suffered by an injured workman cannot be determined until the workman has secured the maximum benefit which can be given him by medical treatment".

The commission also claims that the circuit court erred in receiving evidence tending to show permanent partial disability. In support of that assignment of error, the commission cites paragraph 2 of section 49-1842, Oregon Code 1930, which is as follows:

"Such application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission, and it must contain a general statement of the facts upon which the claimant relies in support thereof. The claimant shall be deemed to have waived all objections, irregularities and illegalities concerning the matter upon which such rehearing is sought other than those specifically set forth in such application for rehearing".

Section 49-1843 (ibid) provides:

"Within thirty days after a copy of the final order of the commission upon such application for rehearing has been mailed claimant, as herein provided, or within thirty days after rehearing is deemed denied under section 49-1842, claimant may appeal to the circuit court for the county in which the accident occurred, but upon such appeal may raise only such issues of law or facts as were properly included in his application for rehearing".

In further support of the assignment of error, just mentioned, the commission urges that the allegation as to permanent partial disability contained in claimant's second application for rehearing raised no issue of fact as it failed to contain "a general statement of the facts upon which the claimant relies in support thereof"; and that inasmuch as no issue of fact thereon was raised in said application for rehearing, the question of the amount of permanent partial disability, if any, could not be properly included in claimant's appeal to the circuit court.

■ We are of the opinion that as applied to the facts of this case which disclose only an injury to, or a disease of, the sacro-iliac joint, which is a disease or injury wherein the extent of its resultant permanent

disability, if any, is not immediately patent and obvious, the principle advanced by the commission is salutary, namely, that before the period of temporary total disability or healing period has ended, the extent of the permanent disability is incapable of even reasonably definite ascertainment and that this renders speculative any attempted determination thereof at that time. Such a rule conforms to the first sentence of the last paragraph of section 49-1829, Oregon Code 1930, which is as follows:

"One purpose of this act is to restore the injured person as soon as possible and as nearly as possible to a condition of self-support and maintenance as an able-bodied workman, and final settlement shall not be made in any case until the commission is satisfied that such restoration is probably as complete as it can be made".

The two cases cited by claimant, wherein the court allowed an award for temporary and also for permanent disability, are cases involving injuries wherein the result was obvious and practically undisputed. One of these cases is *Peabody Coal Co. v. Industrial Commission et al.*, 289 Ill. 449 (124 N. E. 566). There the claimant sustained a compound fracture of the left leg below the knee. We quote from the opinion:

"All three of the physicians were unanimous in their testimony that the defendant in error was then (August 4, 1927) totally disabled from doing any work, and that such total disability would continue six months longer, and that after he had made the best possible recovery from his injury, he would for all time thereafter be partially disabled from performing his work at mining to the extent of 25 per cent, and that he would be incapacitated to the same extent from performing any other labor that would require him to stand on and use his lower limbs, because of the loss of the use of his left leg".

The other of these two cases cited by claimant is *Nitram Co. v. Court of Common Pleas*, 84 N. J. Law 243 (86 Atl. 435). In that case the ends of the index, middle and ring fingers of defendant's right hand were crushed and slightly deformed; the end of the index finger of his left hand was crushed leaving a scar, but not interfering with its use; the middle and ring finger of his left hand were so badly crushed that amputation of the first and part of the second phalange of each of these fingers was necessary; and the little finger of the left hand was slightly injured.

The distinction between those cases and the case at bar is very clear when we have recourse to the testimony herein given by claimant's medical witnesses. We quote from the direct testimony of Dr. Mark T. Phy:

"Q. Assuming this condition has existed over a period since about the 13th day of July, 1931, and assuming that he limped at that particular time, and assuming that he does now, and assuming the facts stated, and assuming that this condition has existed, and that he has limped since that period of time, and based upon your own examination and your own X-rays and pictures, I will ask you this question, Doctor,—Will this man be partially permanently disabled?

"Mr. Griggs,—Objected to as purely speculative and immaterial at this time, based upon the evidence.

"The objection is overruled by the court and an exception is taken by counsel for the defendant.

"A. I will have to qualify my answer to this extent; that we know, or at least it has been our experience in the cases we have come in contact with, and the information we get from the latest works, that injuries of this character are likely to progress over a very long period of time, and frequently a person who has gotten such an injury may always suffer a disability to his back. However, if you wish me to state, it is my opinion he will always be partially disabled.

Just as a matter of speculation, it is my opinion he would because it is quite a period of time and he is still disabled, and it is likely it will continue over a considerable period of time''.

Also from the same witness on cross-examination:

''Q. How long he would continue to be disabled is purely a matter of conjecture? A. Absolutely.

''Q. No doctor can estimate it? A. No, not accurately.

\*　　　\*　　　\*　　　\*　　　\*

''Q. How would you say that injury compares,— this sacro-iliac injury, where it is permanent, compares with a permanent injury, such as the loss of a foot?

''Mr. Griggs,—Objected to as immaterial at this time. The objection is overruled by the court.

''A. Well,—the total loss or use of a foot? Q. Yes.

''A. Of course a person can qualify his answer. A sacro-iliac injury, if it is total, is a total disability. On the other hand, a man can get around and do some actual work with the loss of a foot; he can get around; but where his back is disabled, he has lost the ability to do work,—any manual labor, but he can do manual labor with the loss of a foot in many instances. I will say that a sacro-iliac injury is probably more severe than the loss of the function of a foot; that a sacro-iliac disease is a total disability.

''Q. Of course in answering this you are speaking about a severe sacro-iliac case. Based upon your own examination, and the subjective symptoms of this claimant, I will ask you if in your opinion, you think it is a that class of injury that would require the heavier treatment, such as a spica cast, and things of that nature.

''A. Well, I wouldn't want to be positive on that, for our contact with this man has been casual,—very casual, and didn't have him under observation for a sufficient length of time; but from our surgical and X-ray examination, and his subjective symptoms, which he gave us, I would say his case calls for treatment of a severe sacro-iliac injury''.

We are also of the opinion that the allegations of claimant's complaint cannot serve to introduce any other issue upon the nature, manner or extent of injury than his second petition for rehearing contains.

■ We think, however, that in this case claimant's second petition for rehearing presented not only the question whether claimant was suffering temporary total disability but also whether he sustained permanent partial disability.

■ The testimony does not support the finding of the jury or the judgment of the circuit court as to the extent of the period during which claimant will continue to suffer temporary total disability, the testimony on that point merely being to the effect that from the date of his injury, July 13, 1931, to the time of the trial, claimant was suffering temporary total disability, and that his case calls for the character of treatment approved in cases of severe sacro-iliac injury.

■ Claimant urges that we should disregard the finding of the jury as to the prospective temporary total disability and enter judgment upon the finding of the jury to the effect that claimant suffered permanent partial disability equal to 100 per cent of the permanent or complete loss of a foot.

This ought not to be done, because it is obvious that claimant is suffering temporary total disability, or that he was so suffering at the time of the trial in the circuit court. We cannot enter an order which negatives that established fact. Besides that, the allegation in claimant's second petition for rehearing will not support a finding as to the extent in severity of his permanent partial disability.

We appreciate claimant's natural reluctance to subject himself again to examination and possible

medical or surgical treatment by the commission. The commission's medical staff made a mistake in diagnosis and that resulted in apparent lack of care and error in treatment. Vigorous manhood, which bears the heavy burden of manual labor, makes comparatively few mistakes; and, consequently, is impatient of those made in other callings. Before his deplorable injury, claimant most commendably was doing his full share in the realm of such manual labor, and this court honors him for it. On the other hand, we know also how easy it is to err. It is not surprising that at times a busy medical staff may fail to make correct diagnosis. The marvel is that more and graver mistakes are not made by those faithful servitors upon sickness and suffering.

The judgment of the circuit court is hereby modified by striking therefrom the finding that claimant's permanent partial disability was and is equal to the permanent or complete loss of the use of one foot to the extent of 100 per cent; also by substituting for the modification of the final award of the commission, bearing date the 15th day of February, 1932, as directed and adjudged in said judgment of the circuit court, the following modification thereof, namely: That the order and final award of said commission, bearing date the 15th day of February, 1932, be and the same is hereby modified to find and adjudge that claimant herein suffered temporary total disability from the date of his injury to the date of said order of said commission; that at the date of said order of said commission said claimant was still suffering temporary total disability; that claimant sustained injury to, and is suffering from a disease of, the sacroiliac joint, the extent of the severity of which is yet to be determined.

And said judgment of the circuit court is hereby further modified by substituting for the therein stated order of rereference of this cause to said commission, the following order:

It is further hereby considered, ordered and adjudged that this cause be and the same is hereby referred back to the defendant, State Industrial Accident Commission, and said commission is hereby ordered and directed to fix the compensation due plaintiff for temporary total disability at the rate of $49.61 per month from the date of said accident and injury, namely, July 13, 1931, until June 11, 1932, said latter date being the date of the trial hereof in the circuit court; to treat claimant for said injury and disability as by law required; to pay said claimant at said rate until such time as claimant's condition becomes stationary and no longer susceptible to healing process; and thereupon to determine the extent of severity of claimant's permanent partial disability and award and pay him therefor in accordance with the provisions of the statute applicable to such permanent partial disability.

As thus modified, the judgment of the circuit court is affirmed, and this cause remanded to the circuit court with directions that the cause be remanded to the State Industrial Accident Commission for further consideration and procedure in accordance with the views herein expressed. It is ordered that neither party recover costs or disbursements on this appeal.

Affirmed as modified and remanded with directions.

RAND, C. J., BELT and ROSSMAN, JJ., concur.