Argued at Pendleton October 30; affirmed November 21, 1933

## STACEY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

### (26 P. (2d) 1092)

*Miles H. McKey,* of Salem (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for appellant.

*Edward F. Bailey,* of Eugene (Potter & Bailey, of Eugene, and Gavin & Gavin, of The Dalles, on the brief), for respondent.

KELLY, J. The questions herein arise upon the action of the circuit court in three respects: 1st, In overruling the commission's motion for judgment on the pleading; 2d, In overruling the commission's objection to the introduction of any evidence; 3d, In overruling the commission's motion for a judgment of nonsuit.

On May 1, 1931, claimant was injured. On May 6, 1931, a claim for compensation was filed with the commission, wherein the extent of claimant's injury is described as "Painful bruise to shoulder, numb hand". On May 11, 1931, claimant returned to work, but discontinued working on May 15th. On the 23d of May, 1931, an award of compensation in the sum of $13.44 was made by the commission to claimant, and that is the total sum which the claimant has received because of his injury.

On April 7, 1932, claimant filed with the commission a written petition which was treated by the commission as a petition for additional compensation on account of aggravation of his disability.

It is argued by the commission that there is no evidence of an aggravation of claimant's disability since the award of compensation by the commission.

In the opening brief of the commission, we find this statement:

"Upon a report being received by the commission that Stacey had returned to work, the claim was closed on May 23, 1931."

We conclude, therefore, that the degree of claimant's disability at the time the claim was closed and the last award of compensation made, as reflected by the motive which actuated the commission in closing said claim, was that of a workman who had received a painful bruise upon his shoulder and suffered numbness in his hand; but who had returned to his work.

The evidence is uncontradicted that claimant did return to and engage in his work for at least four days after the accident. His ability to work, even for the brief time he did work, demonstrates that thereafter his disability must have become aggravated if it reached the degree of permanent total disability.

Dr. G. A. Ross, whose qualifications as a physician and surgeon are so well known that the commission admitted them, thereby waiving any evidence thereof, was called as a witness for claimant and testified that claimant had suffered a fracture, which involved the third, fourth, fifth and sixth cervical vertebrae. He was asked:

"Q. In your opinion, Doctor, what effect have these fractures had upon plaintiff's ability to work, perform work and labor?"

To which he replied:

"A. Well, I can't conceive of any occupation, gainful occupation that he could be engaged in."

This witness answered affirmatively when he was also asked:

"Q. Then it is your opinion that his disability is a total disability?"

As we understand the theory of the commission, it is that claimant did not sustain a fracture of any of his vertebrae as claimant alleges; but, instead, is suffering from ankylosis of the vertebrae due to arthritis, the course of which, though exceptionally slow, is usually progressive. There is little, if any, difference between an increase in degree of disability and an aggravation thereof. Certainly any one, not totally disabled, who is afflicted with a progressive malady, while the ravages of such disease are unchecked, must experience an increase in disability corresponding to the progress of his affliction. Thus it appears to be a question not whether there was aggravation of claimant's disability from the time after he was injured when he was able to work until his petition of April 7, 1932, based upon alleged aggravation was filed; but whether the aggravated disability resulted from the accident or from disease.

The commission urges that the petition of April 7, 1932, does not set forth sufficient facts to show an aggravation in such disability and the degree thereof as required by section 49-1836, Oregon Code 1930. In that respect the language of said petition is as follows:

"That his neck was injured and it is constantly getting worse; and that his shoulder and arm was also badly injured, and that his neck is partially dislocated; That his said injuries are constantly growing worse and appear to be aggravated; and that on account of

the said injuries he is not able to work without suffering great pain, and when he works a few hours, his neck and shoulder and arm hurt so badly, he has to quit work; That owing to his injuries he is not able to split kindling wood. That the final award was made on May 23, 1931, allowing him the sum of $13.41, and that since the said award, his said injuries are growing worse and he is almost totally disabled.''

This petition was not prepared by the attorneys representing claimant on this appeal.

Neither its definiteness nor its sufficiency was tested by motion or demurrer. Applying the liberal rule of construction required after issue joined and bearing in mind that when the award was made claimant had worked days not hours, we think that the facts ''that his shoulder and arm was also badly injured, and that his neck is partially dislocated * * * and when he works a few hours, his neck and shoulder and arm hurt so badly, he had to quit work * * * and that since the said award his said injuries are growing worse'', show an aggravation in such disability.

We think that the degree of the aggravation is stated in the allegation that but a few hours' work brings such pain as to require claimant to cease working; and that he cannot split kindling wood. While these facts are neither numerous nor precisely alleged, we must remember that after issue joined all reasonable intendment may be employed to uphold a pleading which might have been held defective on motion.

We emphasize the point that we are not testing this petition by a motion to make more definite and certain, nor by a motion to strike any part of it as being sham, nor by a demurrer; but only by a motion for judgment on the pleadings, by objection to the introduction of any evidence and by a motion for non-

suit, all of which were interposed by the commission subsequent to the appeal by claimant to the circuit court; and were not called to claimant's attention while the cause was before the commission.

Claimant's petition of June 24, 1932, was a substantial repetition of the one filed by him on April 7, 1932, except that instead of alleging that owing to his injuries he was unable to split kindling wood, this later petition contains the allegation: "That owing to his injuries he cannot do any profitable or useful work."

This petition was not prepared by the attorneys who represent claimant on this appeal.

Bearing in mind that it was filed more than thirteen months after the accident, that it lays special stress upon the injury to claimant's neck, that it contains the statement last above quoted, and that liberality of construction is enjoined in cases of this character, we hold that, as applied to the facts in this case, while defective, it nevertheless is sufficient upon appeal to sustain a finding of permanent total disability.

The commission cites the case of *Helton v. State Ind. Acc. Comm.,* 142 Or. 49 (18 P. (2d) 831), in support of the principle that a petition for rehearing has the effect of restricting the issue upon the nature, manner and extent of injury to that which is alleged therein. There we were asked to disregard the finding of the jury as to prospective temporary total disability and enter an order that claimant suffered permanent partial disability equal to 100 per cent of the permanent or complete loss of a foot. There was no allegation in Mr. Helton's petition as to the degree of his alleged permanent partial disability.

The character of his injury rendered it impossible for him truthfully to make any such allegation. The

proof disclosed that the claimant was suffering from an injury to, or disease of, the sacro-iliac joint, which is a disease or injury wherein the extent of its resultant permanent disability, if any, is not immediately present and obvious. We held that as applied to the facts of that case, the principle that before the period of temporary total disability or healing period has ended, the extent of the permanent disability is incapable of even reasonably definite ascertainment and, hence, that an attempted determination thereof at that time is necessarily speculative.

In the case at bar, we are not confronted with any such a state of facts. Here, the issues are simple. They were decided by the jury in conformity to the testimony of claimant's expert witness, contrary to the testimony of the commission's expert witness and contrary to the testimony of a witness selected by the trial judge.

Upon oral argument, the commission advised this court that whenever the commission contests a claim before a jury the commission always loses the case unless the commission is able to prove that the claimant is a perjurer. Based upon that premise, it is argued that this court should uphold the contentions of the commission, even though such contentions are quite technical.

■■ This court however thinks that the law is settled that where substantial evidence appears in the record in support of a finding of the jury, that finding should not be disturbed on appeal, merely because there is sharp conflict in the evidence thereupon. We think, too, that the Workmen's Compensation Act, being for the benefit of the laboring class, must be liberally construed in the interest and for the benefit of such class. Moreover, we still cherish the notion that the real pur-

pose of establishing and maintaining courts is not to enthrone technicality but to vitalize and render controlling the principles of justice and equity.

Thirteen dollars and forty-four cents is not enough compensation for a broken neck. Whether a more liberal award by the commission would have ameliorated the attitude of the trial jury toward the record made by the commission is a matter of conjecture; but the writer ventures to suggest that such conjecture contains food for thought.

The judgment and order of the circuit court is affirmed.

CAMPBELL and BAILEY, JJ., not sitting.