LIBERTY FOUNDRY, INC., and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*November 9—December 5, 1939.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Boleslaus Murawski there was a brief by *Padway, Goldberg & Tarrell* of Milwaukee, and oral argument by *L. A. Tarrell.*

WICKHEM, J.  In 1912, Murawski, hereinafter called the "applicant," started working in foundries.  He eventually became a moulder and up to February 18, 1935, had worked for several foundries.  On August 1, 1933, he was examined by Dr. O. A. Sander in connection with an application for work for a company other than plaintiff.  The doctor's conclusions were that applicant then had a slight amount of fibrosis in the chest and an apparently healed scar in his left upper lung.  The doctor's recommendations were that the scar was sufficiently healed and the fibrosis sufficiently slight to warrant his employment.  The applicant worked for the company to which this application was made until February 18, 1935, and then applied for work to plaintiff Liberty Foundry, Inc.  Dr. Sander again examined the applicant and found him in the same condition as in 1933, and recommended his employment.  On June 24, 1937, applicant was disabled by what is described variously as a heatstroke or heat prostration or a severe attack of bronchitis or pleurisy. He was absent from work for two weeks, and before being permitted to return was subjected to another examination by Dr. Sander.  The latter testified that he then discovered a new shadow in the right upper lung.  Dr. Sander's conclusion was that since the previous examination he had developed an active tuberculosis.  The applicant was examined by Dr. Gray, who concurred in Dr. Sander's findings, and the advice of the doctors was that applicant go to a sanitarium.  The applicant did not go to the sanitarium, but did submit to an examination by the Milwaukee health department.  He was examined by Dr. Benjamin Schlomovitz on August 11, 1937.  Dr. Schlomovitz testified that the employee was disabled because of an active pulmonary tuberculosis on an early silicotic background.  On October 12th, Dr. Warfield examined applicant, and on December 16, 1937, applicant was examined and X-rayed by Dr. Gray.  The evidence is that the X-ray pictures at this time showed a healing

of the activity noted in the July film, and that apparently the tuberculosis had become quiescent or arrested. The examiner concluded that while in plaintiff's employ, applicant was subjected to silica dust and inhaled sufficient quantities to produce what is known as a first-stage silicosis, and that the silicosis which the applicant contracted caused reactivation of an old healed tuberculous lesion. Upon review by the circuit court, the trial court concluded that these findings were not sustained by the evidence for the reason that the testimony of all of the doctors who examined the applicant was to the effect that applicant definitely had first-stage and perhaps second-stage silicosis when he entered employer's employ. For this reason the trial court set aside the award. The decision of the trial court was filed on December 15, 1938, and thereafter applicant moved to amend the judgment to include an order that the record be remanded to the Industrial Commission for further hearing or proceedings. This motion was granted on January 28, 1939, and the judgment entered on March 18, 1939, included a remand of the record to the commission for further findings, as heretofore indicated. Plaintiffs' objections to the judgment are solely to that portion of it which remands the record to the commission for further findings.

Plaintiffs contend that the issue indicated by the trial court as one upon which applicant is entitled to a finding, namely, "whether employment with the Liberty Foundry furthered the progress of applicant's disability," is one upon which there is no evidence in the record to sustain a finding favorable to applicant, and that upon a remand of the record to the commission for further hearing and proceedings, the commission may not take further evidence. It is argued that where the record in the circuit court upon an action to review will not sustain a finding essential to the award but not actually made by the commission, it is an abuse of discretion and a futile proceeding by the trial court to remand the record

to the commission. This involves a consideration of secs. 102.23 (1) and 102.24 (1), Stats., which read as follows:

"102.23 (1) . . . Upon such hearing, the court may confirm or set aside such order or award; and any judgment which may theretofore have been rendered thereon; but the same shall be set aside only upon the following grounds:

"(a) That the commission acted without or in excess of its powers.

"(b) That the order or award was procured by fraud.

"(c) That the findings of fact by the commission do not support the order or award."

"102.24 (1) Upon the setting aside of any order or award the court may recommit the controversy and remand the record in the case to the commission, for further hearing or proceedings; or it may enter the proper judgment upon the findings, as the nature of the case shall demand. . . ."

Giving attention first to sub. (1) of sec. 102.23, Stats., it will be noted that the ground upon which the court set aside this award was par. (a), namely, that the commission acted without or in excess of its powers. It has been held many times by this court that this section applies and warrants the setting aside of an award in cases where there is no evidence to sustain the commission's findings for the reason that in such cases the commission has acted in excess of its powers. *General A. F. & L. Assur. Corp. v. Industrial Comm.* 223 Wis. 635, 271 N. W. 385.

The court's conclusion that the examiner's findings are without support in the evidence is correct. These findings are to the effect that the tuberculosis was caused by a first-stage silicotic condition, which itself was produced by dust exposure while in plaintiff's employ. This evidently could not be true, since according to all the evidence applicant had silicosis when he entered plaintiff's employ. The only grounds upon which an award in his favor could be based are, (1) that his employment with plaintiff had caused an increase in the silicotic condition that had predisposed him to a disabling

tuberculous infection, or (2) that by reason of the exposure to dust, an old tuberculous lesion had become reactivated. The trial court was of the opinion there should be findings upon these matters. The court assumed to act under the authority and power granted by sub. (1) of sec. 102.24, Stats. This subsection applies to each of the three situations set forth in sub. (1) of sec. 102.23, Stats. That is to say, the authorization to the trial court to remand the record to the commission is conferred by the subsection without regard to the reason for setting aside the award of the commission. Hence, a trial court is not precluded from ordering a remand merely by the circumstance that the findings actually made are not supported by the evidence. This conclusion, however, does not meet the difficulty in the present case for the question raised here is whether the trial court in its discretion may remand the case where the record does not contain evidence to support a finding essential to an award.

It is quite evident that a trial court may not, without abuse of discretion, remand a case to the commission for further hearing where the evidence will not support an essential finding if made, unless the commission upon remand has authority to open the case for further evidence. To permit a remand under such circumstances would give the stamp of approval to a completely futile proceeding. It is argued by defendants that upon an appeal from an order remanding the record, this court should not attempt to consider whether a finding which has not been made by the commission and which may never be made by it would be supported by evidence if made. While this is a plausible contention, the difficulty is that we are dealing with a statutory authorization to the trial court to remand in its decretion. This court is compelled to consider upon appeal whether the trial court's discretion has been abused, and the issue is not whether this court will review hypothetical findings, but whether the trial court abused its discretion in granting a remand. If the por-

tion of the judgment ordering a remand is appealable (and no question is raised upon that point) this court must determine whether the trial court properly exercised its discretion. In determining this question the futility of the remand due to want of evidence to sustain any essential finding is necessarily a material consideration in judging the exercise of discretion. This being true, we must adhere to the conclusion heretofore stated, namely, that unless the commission· has power to take further evidence, the remand of the case to the commission to make a finding which will have to be set aside as unsupported by the evidence constitutes an abuse of discretion.

We are favored with able arguments on the part of plaintiffs to the effect that in such a case as this the commission could not open the case for further evidence. In support of this, plaintiffs take the position, (1) that the only conditions under which a record can be remanded to the commission are where it has made obvious error, as in computation or failure to apply the correct section in a multiple injury case, citing *Rhinelander Paper Co. v. Industrial Comm.* 216 Wis. 623, 258 N. W. 384; *Karges v. Industrial Comm.* 166 Wis. 69, 162 N. W. 482; *Hills Dry Goods Co. v. Industrial Comm.* 222 Wis. 439, 267 N. W. 905. (2) Where the parties wholly fail to litigate the issue, plaintiffs concede that the taking of further evidence may be authorized. *William Rahr Sons Co. v. Industrial Comm.* 166 Wis. 28, 163 N. W. 169; *Wisconsin Granite Co. v. Industrial Comm.* 208 Wis. 270, 242 N. W. 191. (3) Where the parties have had a complete opportunity to present their evidence, this court has never permitted further hearing. *Pruno v. Industrial Comm.* 187 Wis. 358, 203 N. W. 330, 204 N. W. 576.

We do not consider it necessary here to consider the limitations upon the power of the trial court to order a remand for the taking of further evidence. The trial court in its memorandum expressly stated, (1) that he was not granting a new

trial, and (2) that he was sending the case back not for the taking of further evidence but merely for a finding whether applicant's employment with plaintiff furthered the progress of his disability. Hence, there was here no authorization by the trial court for the taking of further evidence before the commission. It is at all events clear that the power to authorize the taking of further testimony before the commission, to the extent that it exists, is in the trial court and not in the commission, and that upon a remand merely for further findings the commission would not be authorized to reopen the case and receive further evidence. Under the circumstances of this remand, the commission is limited to findings based on the record. Hence, we are met squarely with the question whether a finding sufficiently favorable to defendant to warrant an award would be supported by the record in this case. This requires a review of the evidence to ascertain whether plaintiff's contention with reference to it is sound.

The applicant's contentions can very briefly be stated. He entered the employ of plaintiff suffering from silicosis and with an arrested or healed tuberculous scar upon his lungs. In spite of this condition, he was not disabled and was approved for employment by the doctor who examined him. He worked for plaintiff for two years and four months, and during that time was exposed to silica dust. His employment was ultimately terminated because of a disability from tuberculosis. This succession of events is claimed to be sufficient in connection with the medical evidence to support a finding that work for the plaintiff furthered the progress of applicant's disease. The difficulty with applicant's position is that there is no evidence whatever that there was any increase in the silicotic condition of the applicant during his employment by plaintiff. The uncontradicted evidence shows that there was either no change in condition or that the condition improved. There is no testimony that his exposure in plaintiff's foundry contributed anything to the development of the

silicosis which is claimed by the experts to be the background for or to create a predisposition to the tuberculous condition of his lungs. The most favorable testimony to the applicant was that of Dr. Schlomovitz. In answer to a question whether the work "that this man did as a moulder in the foundry" was in any way responsible for his condition, the answer was that his contact with silica dust over a period of many years was sufficient to develop an early silicotic background in his lungs and the tuberculous condition developed on that background. He also stated that the disability was connected with applicant's silicosis and pulmonary tuberculosis and that silicosis results in a breakdown of air sacs and produces a susceptibility for the development of tuberculous infection. He also stated that when the worker in a foundry is found with tuberculosis and with some silicosis, the tuberculosis was probably aggravated by the silicosis. He further stated that the balance of scientific evidence is that the presence of silicotic pathology is a deleterious factor in the evolution of tuberculosis.

It seems to us that this falls far short of enough evidence to support a conclusion that applicant's disability was caused by his work for plaintiff. At most, Dr. Schlomovitz merely testified that the presence of silicosis can be and probably is a factor in the development or reactivation of tuberculosis. The insufficiency of this testimony lies in the fact that applicant had at least first-stage or perhaps second-stage silicosis at the time he entered the employ of plaintiff, and that there was no increase in the silicotic fibrosis, while applicant worked at this plant. We have looked in vain for any evidence that the silicotic condition of the applicant changed or increased during the period of his employment. What happened was that a tuberculous lesion became reactivated. From what cause, we can only speculate. Tuberculosis is a germ disease, and the apparent contribution of silicosis to it is to break down the resistance of the tissues to it and give it a favor-

able medium in which to work. Having come to plaintiff with a fully developed silicosis, and there being no evidence whatever to show that this increased or that the increase and not the original condition was a predisposing cause, we see no ground upon which the commission could conclude that the disability which it engendered was the result of employment at plaintiff's plant. For this reason we are required to hold that since the commission could not upon the existing evidence make the findings for which this case was remanded, the remand itself cannot be sustained as a proper exercise of discretion.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the application.