Argued September 23, 1952, reversed and remanded
February 26, 1953

COLVIN *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

253 P. 2d 910

*Ben Anderson,* of Portland, argued the cause for appellant. On the brief were Anderson & Franklin, of Portland.

*T. Walter Gillard,* Assistant Attorney General, of Portland, argued the cause for respondent. With him on the brief were George Neuner, Attorney General, of Salem, Ray H. Lafky, Assistant Attorney General, of Salem, and Don G. Swink and Roy K. Terry, Assistant Attorneys General, both of Portland.

Before BRAND*, Chief Justice, and ROSSMAN, LUSK, LATOURETTE**, WARNER, and TOOZE, Justices.

BRAND, J.

The plaintiff Colvin brought this action against the State Industrial Accident Commission, seeking compensation for an injury under the provisions of the Workmen's Compensation Act. A demurrer to the complaint was sustained and the complaint was dismissed. Plaintiff appeals.

■ Since, on demurrer, we must assume the truth of the well-pleaded allegations of the complaint, we will recite them in narrative form.

---

* Chief Justice when this case was argued.
** Chief Justice when this opinion was rendered.

Plaintiff and his employer were under the provisions of the Workmen's Compensation Act. The plaintiff suffered injury by accident, arising out of and in the course of his employment, by violent and external means, whereby, on 22 August 1949, his right eye was injured. He filed a timely claim for compensation which was approved and allowed by order of the Commission, dated 21 October 1949. The order, however, provided for the payment of medical expenses only. At the age of 14 the plaintiff had suffered an injury to his right eye, following which, he developed a cataract. The condition of plaintiff's eye was aggravated by the accident of 22 August 1949, and as a proximate result of that accident, there developed a condition of glaucoma, requiring an operation for the removal of the cataract. Prior to the accident in 1949 the plaintiff's vision in said eye was impaired but was useful to him in the pursuit of his occupation. After the allowance of plaintiff's claim on 21 October 1949, the condition of his eye deteriorated to such an extent that he is now without any useful vision in said eye. The complaint alleges "that plaintiff is now suffering a permanent partial disability as the direct and proximate result of said accident, equal to 100% loss of function of an eye." Before the expiration of two years from the date of the order allowing plaintiff's claim for compensation and awarding medical expenses, he filed an application for "increased compensation" on account of aggravation, which was denied without a hearing on 9 October 1951. A petition for rehearing was also denied on 25 October 1951. On 7 November 1951 the plaintiff filed this action in the circuit court. The allegations in the application for increased compensation on account of aggravation which was filed with the Commission were substan-

tially the same as the allegations of the complaint which we have summarized. The prayer of plaintiff's complaint was that the case be referred to the defendant Commission with directions to grant to the plaintiff compensation for permanent partial disability equal to 100% loss of function of an eye and for his costs and disbursements. The defendant Commission demurred upon the grounds of want of jurisdiction and failure to state a cause of action. The judgment of the circuit court was favorable to the defendant and the case is here upon appeal.

In *Gerber v. State Ind. Acc. Com.*, 164 Or 353, 101 P2d 416, it was held that the allowance to an injured workman of payment for medical services was not an award of compensation within the meaning of the statute. In *Lindeman v. State Indus. Acc. Comm.*, 183 Or 245, 192 P2d 732, the plaintiff suffered an injury on 25 February 1946 and applied for compensation on 8 March 1946. The Commission entered an order reciting that the claimant did not lose time or wages by reason of the injury and held that the claim be allowed only for the payment of medical care. On 11 September 1946 Lindeman filed a petition for increased compensation on account of aggravation. The Commission denied both the petition and a prayer for rehearing and Lindeman brought action in the circuit court. Judgment went against the plaintiff and he appealed to this court. Following the Gerber case, we held that an application for increased compensation for aggravation cannot be allowed unless the Commission has previously made an award of compensation "for the workman's disability." Since the award of medical expenses only was not an award of compensation for disability, we affirmed the judgment for the defendant.

The decision in the Lindeman case will require judgment for the defendant in the case at bar unless it is inapplicable by reason of a change in the statute. At the time of the plaintiff's accident in 1949 the statute provided as follows:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman may file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. An application for increased compensation for aggravation must be filed within two years from the date of the first final award of compensation to the claimant. * * *" OCLA, § 102-1771, as amended by Oregon Laws 1945, ch 381.

■ The statute was unchanged until 2 August 1951 which was the effective date of Oregon Laws 1951, chapter 158. It will be seen that the 1951 act was adopted after the plaintiff's accident, after his original application for compensation, and after the award of medical expenses, but before the filing of his application for increased compensation on account of aggravation and before any ruling upon that application. The 1951 act amended the 1945 act by providing that an application for increased compensation for aggravation must be filed within two years from the date of the first final award of compensation to the claimant "*or if there has been no such award, within two years of the order allowing the claim.*" OCLA, § 102-1771 as amended by Oregon Laws 1951, ch 158 (3). (Italics ours.)

The clear purpose of the 1951 act was to provide relief in cases in which there has been an aggravation

of an injury resulting in disability but in which there had been no previous compensation for time lost. That purpose has been accomplished as to all cases arising from future injuries and claims. The only question worthy of consideration is whether the 1951 act applies to applications based on aggravation when the injury and first award of medical expenses preceded the effective date of the act. The Attorney General asserts that it does not, but the assertion is made without support of reasoning or authority. The plaintiff argues that the 1951 amendment is "purely procedural" and is retroactive in nature, and that the plaintiff may therefore rely upon it. The meaning of the words "purely procedural" is clouded with uncertainty. Before the 1951 statute was passed, the plaintiff had no right to receive compensation for aggravation resulting in disability, because he had never had any previous final award of compensation for disability within the meaning of the statute as construed by this court. If he now prevails by invoking the 1951 act, he does so because he is given a new right. In this sense, the 1951 act is not purely procedural. The plaintiff cites *California Employment Stabilization Commission v. Smileage Co.*, 68 Cal App2d 249, 156 P2d 454, where the court said:

"* * * A statute affecting procedure or providing a new remedy for the enforcement of existing rights is properly applicable to actions pending when the statute becomes effective. * * *"

The quoted statement refers to a new remedy for an existing right, not to a new right. Other authorities are cited, of which *Ellis v. Kroger Grocery & Baking Co.*, 159 Kan 213, 152 P2d 860, is typical. We quote:

"It is true, as appellant contends, that ordinarily statutes are designed to operate prospect-

ively rather than retroactively and will not be given the latter effect unless it clearly appears they were intended to so operate. Bank Savings Life Ins. Co. v. Baker, 120 Kan. 756, 244 P. 862; International Mortg. Trust Co. v. Henry, 139 Kan. 154, 30 P.2d 311; Beeler & Campbell Supply Co. v. Warren, 151 Kan. 755, 100 P2d 700. It is also true that when a retrospective construction of a statute will disturb vested rights or impair the obligation of an existing contract, it will not be given unless the wording of the statute makes such construction imperative. Bank Savings Life Ins. Co. v. Baker, supra.''

■■ Many of the cases involving the retroactive effect of compensation statutes relate to the rights of an employe against his employer under statutes materially different from our own. In such cases the claim of the employer is that he has a vested right which cannot be affected by retroactive legislation, and the issue is whether the new statute attempts to create a new right or merely affects the remedy for an existing right. In the case at bar, there is no issue raised between employee and employer, and the only question is whether, under the circumstances, the legislature could, and did, give to the employee a new right. We see no reason why the state may not enlarge the right of a workman to compensation from the industrial accident fund, whether the disability developed before, or after, the first allowance of his claim. The state has done so. In this connection, we must bear in mind the firmly established rule that workmen's compensation acts are to be liberally construed in favor of the workman. *Stark v. State Ind. Acc. Comm.,* 103 Or 80, 204 P 151; *Dondeneau v. State Ind. Acc. Comm.,* 119 Or 357, 249 P 820; *Stacey v. State Ind. Acc. Comm.,* 145 Or 195, 26 P2d 1092; *Cain v. State Ind. Acc. Comm.,* 149 Or 29, 37 P2d 353.

The complaint alleges the deterioration of the plaintiff's eye subsequent to 21 October 1949, the accompanying pain, and the necessity of an operation, but the only allegation in the complaint concerning disability is the following:

"* * * that plaintiff is *now suffering* a permanent partial disability as the direct and proximate result of said accident, equal to 100% loss of function of an eye." (Italics ours.)

■ On demurrer, we must assume that the plaintiff was suffering permanent partial disability at the time when he sought and was denied compensation for aggravation. If there was any disability, as distinguished from pain and the like, prior to the effective date of the statute, the complaint does not show it. When the case came before the Commission for consideration, it was one in which there had been "no such award" within the meaning of the 1951 act. That is to say, there had been no first final award of compensation for disability by the Commission. Consequently, the only requirement was that the claim based on aggravation be filed within two years of the order allowing the claim. This was done and the application was properly before the Commission.

No question of vested rights is involved in this case. The statute operated upon a disability existing after the effective date of the enactment, and it provided relief therefor. In our opinion, it is immaterial that the accident and the allowance of the claim to the extent of medical expenses preceded the date of the 1951 enactment.

The judgment of the circuit court is reversed and the cause is remanded, with permission to the defendant to file an answer.